# Fleming *v.* Moore.

*Bill in Equity to Quiet Title.*

1. *Landlord and tenant; attornment to third person.*—When a person enters into the possession of land by permission of the owner, his subsequent attornment to a stranger does not destroy his landlord's possession or become adverse to the owner, unless notice thereof to the owner is shown, or the presumption of notice is raised by the notoriety of the facts.

2. *Same; same; right of stranger to maintain bill.*—The attornment of a tenant to a stranger does not, of itself, destroy the possession of the landlord, and when the possession of the rented premises is tortiously gained from the tenant or otherwise, so as to entitle the landlord to maintain an action of forcible entry and detainer, a court of equity will not, on such

[Fleming v. Moore.]

possession, entertain a bill at the instance of the tort-feasor or the person attorned to, to remove a cloud from his title to the land.

3. *Same; same; right of stranger to maintain statutory bill.*— Where, after a person enters into possession of land by permission of one claiming to be the owner, he makes a rental contract with a third party, without the knowledge or consent of the alleged owner, such third party so attorned to, and who claims possession of the land in question, can not maintain a bill in equity under the statute against the original landlord of the tenant to compel the determination of claims to said land and to quiet title to the same, (Code, §§ 809-813); the possession of such complainant being tortious and not such as authorizes the maintenance of a bill in equity.

4. *Admissibility of evidence; tax deed admissible to show extent of possession.*—In a suit in equity to compel the determination of claims to land, where the defendant is in actual possession under a claim of ownership, a tax deed to the defendant is admissible in evidence as color of title and as defining the boundaries of the actual possession.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellant, Alfred Fleming, against the appellee, Annie S. Moore, under the provisions of sections 809 to 813 of the Code of 1896, to compel the determination of claims to real estate.

The complainant averred in his bill that he was in the actual, peaceable possession of the lands in controversy; that there was no suit pending to contest the validity of his claim thereto; that Annie S. Moore claimed some right or interest in said land, which the complainant alleged was invalid.

The prayer of the bill was that the defendant be required to set forth her claims or interest in said land, and that the chancellor decree that the complainant be entitled to the same.

The defendant filed her answer in which she denied that the complainant was, at the time of filing the bill, or ever had been in possession of the lands in controversy, and she further averred that she and her husband, D. G. Moore, were in possession of said lands, and had held possession for several years, and that such posses-

[Fleming v. Moore.]

sion was open, notorious and exclusive. The defendant further averred in her bill that on June 25, 1888, said lands were sold for taxes by the tax collector of Baldwin county, under a decree of the probate court of said county; that at the said sale R. H. Moore purchased the land; that a deed for the same was duly executed by the probate judge to him on December 10, 1891; that prior to February 23, 1897, R. H. Moore died intestate; and that on February 23, 1897, the heirs at law of said Moore executed a deed to the respondent, conveying to her said lands. It was then averred in said answer that under his purchase at said tax sale, R. H. Moore went into possession of said lands and held the same up to his death, and that after the death of said R. H. Moore the said lands were held by his heirs up to the date of the deed to the respondent, and that after her purchase the respondent has held the possession of said lands up to the time of the filing of the bill, claiming the same as her own.

The complainant traced his title to said lands as follows: A deed of assignment from Marshall & Jones to R. T. Ervin, dated February 10, 1886, conveying said lands to said Ervin as assignee; a deed from R. T. Ervin to complainant and one Paris Benjamin, dated March 8, 1887, conveying said lands, and a deed from Paris Benjamin to complainant, dated March 10th, 1898, conveying said land.

It was shown that the lands were sold for taxes under an assessment against Marshall & Jones for the taxes of the year 1887. The other facts of the case, as shown by the evidence, are sufficiently stated in the opinion.

On the final submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for and ordered his bill dismissed. The complainant appeals from this decree, and assigns the rendition thereof as error.

R. T. ERVIN, for appellant.—The case of *Friedman v. Shamblin*, 117 Ala. 454, is conclusive of the question presented in this case, and under its authority the chancellor erred in dismissing the bill.

26

T. M. STEVENS, *contra.*—This bill was filed under the provisions of Article XIII, Chapter 16, of the Code. To maintain it the complainant must allege and prove that he is in the peaceable possession, either actual or constructive, of the land, and the burden of proof in this regard is upon the complainant.—Code, § 809; 3 Brick. Dig. 18, § 14.

The attornment of a tenant to a stranger does not destroy the possession of the landlord, unless the landlord had notice thereof.—*DeJarnette v. McDaniel,* 93 Ala. 215; 3 Brick. Dig. 17.

Actual possession of a part of a tract of land under color of title to the whole, is actual possession of the entire tract.—*Cogsbill v. M & G. R. R. Co.,* 92 Ala. 252; *Humes v. Bernstein,* 72 Ala. 546; *Burks v. Mitchell,* 78 Ala. 61; *Gordon v. Tweedy,* 74 Ala. 232; 3 Brick. Dig. pp. 17 and 18.

Respondent has shown such actual possession, and the conveyances introduced by her are certainly good as color of title.—*Hughes v. Anderson,* 79 Ala. 209.

The doctrine that the title to land carries with it constructive possession, does not apply in cases where the land is adversely held. Authorities *supra.* Therefore, the case of *Friedman v. Shamblin,* 117 Ala. 454, relied upon by complainant, can have no application to this case.

DOWDELL, J.—We think the weight of the testimony in this case shows the following state of facts: One R. H. Moore went into possession of the land in controversy under a tax sale some time in 1888, and subsequent thereto permitted one Louis Reese to move into and occupy a house on said land. Some time thereafter, said Reese, hearing that Paris Benjamin and Alfred Fleming owned or claimed the land, sought those parties for the purpose, as he states, of buying the land from them. However, not purchasing the land, he made a rental contract with Paris Benjamin in regard to the land. This attornment by Reese to Benjamin was never brought to the knowledge of Moore or the respondent in this case, and all during this time, that is, from the

time that Reese was permitted to go upon said land, down to the filing of this bill, this respondent and the said R. H. Moore, under whom she claimed title, in ignorance of the transaction between Reese and Benjamin, permitted said Reese to continue on said land, considering and treating them as their tenant. ·

The vital question in this case then seems to be, whether under these facts the complainant has acquired such a possession of the land that he can now come into a court of equity and maintain his bill under the statute. In construing a similar statute to ours, the Supreme Court of New Jersey, in the case of *Jersey City v. Lembeck,* 4 Stewart (31 N. J. Eq.) 272, uses the following language: "The purpose of the act was to relieve, not persons who had the power to test the hostile claim by a direct proceeding in the usual mode, but to aid those persons whose situation afforded them no such opportunity. The inequity that was designed to be remedied grew out of the situation of a person in the possession of the land as owner, in which land another person claimed an interest which he would not enforce; and the hardship was that the person so in possession could not force his adversary to sue, and thus put the claim to the test. The title of the act indicates that this is its purpose, for it is an act 'to *compel* the determination of claims to real estate.' In the present instance, the complainant had it in his power, by one of the customary processes of the law, to bring to judgment the claim he wished to control, and it would, therefore, seem to be going out of the way to maintain that this statute is applicable in aid of his inaction. If a party in possession of land can throw the hostile claim into a course of law, and thus get rid of the cloud overhanging his estate, why should he not do it? and what reason is there to say that this act was designed to help a party who was in no strait, but of his own choosing?"

In the case of *Campbell v. Davis,* 85 Ala. 56, which was a bill to remove a cloud from the title to land, this court said: "As a general rule a tenant is estopped to deny the title of his landlord, either during the continuance or after the expiration of the term. Before the

tenant will be heard to assert an outstanding title in himself or in a stranger, he must surrender the possession to his landlord, unless his title has expired or been extinguished, or the reversion has passed by a valid alienation to the tenant or a third person since the commencement of the tenancy. The attornment of the tenant to a stranger does not of itself destroy the possession of the landlord;" citing *Rogers v. Boynton*, 57 Ala. 501. "Also when possession of the rented land is tortiously gained from the tenant or otherwise so as to entitle the landlord to maintain an action of forcible entry and detainer, a court of equity will not, on such possession entertain a bill at the instance of the tortfeasor to remove a cloud from his title to the land. Equity will not extend aid to protect a possession acquired by unfair or unlawful means. The possession which gives jurisdiction in such cases must be rightful." See also *Turnley et al v. Hanna*, 67 Ala. 101.; *Dedman v. Smith*, 2 A. K. Marsh, 266; *Comstock v. Henbury*, 66 Ill. 212; *Hardin v. Jones*, 86 Ill. 313; *Hamilton v. Adams*, 15 Ala. 596.

It is true that the bill in the case of *Campbell v. Davis, supra,* was prior to the enactment of the present statute under which the present bill is filed, but the principle underlying both cases is the same. Reese having gone into the possession of the land under Moore, became the tenant of Moore, and his, Reese's possession was the possession of his landlord, Moore. The subsequent attornment of Reese to a stranger without notice to the landlord, did not destroy the landlord's possession.—*DeJarnette v. McDaniel*, 93 Ala. 215; 3 Brick. Dig. 17, § 20. The nature and character of the claim and title to said land by respondent and R. H. Moore, under whom she derived her title, had undergone no change, but remained and continued the same after Reese went upon the land by Moore's permission and became the tenant of Moore. Reese as tenant could not deny the possession of his landlord, and his attornment to a stranger was a wrong to his landlord. We think it clear that whatever of possession the complainant in this case acquired by the attornment of Reese, was tortious as to Reese's landlord.

[Oldacre v. Stuart.]

The complainant gained an unfair advantage by the wrongful conduct of respondent's tenant which cannot be upheld in a court of equity.

At the time the complainant accepted the attornment of the tenant, Reese, the complainant had his remedy against this respondent in a court of law, and in such court could have tried his title to the lands in question in an action of ejectment, or in the possessory action given by the statute. He had no cause or ground at that time for calling upon a court of equity to interfere in his behalf. It would hardly be fair and just, or in consonance with the plainest principles of equity, to permit the complainant to obtain the aid of that court in relieving him from a situation in which he has voluntarily placed himself, and that too by participating in the wrongful act done by the tenant, Reese, to his landlord.

The respondent being in possession under claim of ownership, the tax deed and other conveyances offered in evidence by respondent, and which were objected to by complainant, were admissible as color of title and as defining the boundaries of the actual possession.— *Hughes v. Anderson,* 79 Ala. 209; *Doe v. Clayton,* 81 Ala. 391; *Dillingham v. Brown,* 38 Ala. 311; *Barron v. Barron, ante,* p. 194; 24 So. Rep. 55; 3 Brick. Dig. 17, § § 33, 34.

We find no error in the record, and the decree of the chancellor is affirmed.