# Treadwell *v.* Torbert.

*Bill in Equity for Cancellation of Deed as Cloud on Title.*

1. *Duress as ground for equitable relief.*—Duress employed to procure a conveyance of property, although a species of fraud, is not of itself a ground for equitable interference.
2. *Landord and tenant; attornment to third person; right of stranger to maintain bill.*—The attornment of a tenant to any other person than his landlord, does not, of itself, destroy the possession of the landlord; and when the possession of the rented premises is tortiously or otherwise gained from the tenant, a court of equity will not, on such possession, entertain a bill at the instance of the tort-feasor, or the

[Treadwell v. Torbert.]

person attorned to, to remove a cloud from his title to the rented premises.

3. *Same; same; same.*—Where a person enters into possession of land as grantee under a deed alleged to have been obtained by duress and fraudulent representations, and leases said premises, the fact that the grantor in said deed subsequently secured the tenants of the grantee to attorn to her and made a contract agreeing to rent said lands to said tenants, does not give said grantor such a possession as will authorize him to maintain a bill in equity to have said deed cancelled and removed as a cloud from her title.

APPEAL from the Chancery Court of Geneva.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellant, Fannie O. Treadwell, against the appellee, C. C. Torbert. It was averred in the bill that on June 27, 1895, the complainant executed to the defendant a deed in which she conveyed certain lands specifically described; that said deed was procured from the complainant by the defendant by fraud and duress and by unlawful acts on the part of the defendant; that prior to the execution of said deed the defendant instituted a prosecution against H. P. Treadwell, the husband of the complainant, by making an affidavit before a justice of the peace charging him with obtaining a large sum of money by false pretenses; that there was no ground for said prosecution; that said Treadwell had not obtained money by false pretenses as charged, and that the prosecution was commenced by the defendant for the express purpose of extorting from the said H. P. Treadwell or the complainant the deed to the property described; that immediately after the arrest and while Treadwell was under bond for his appearance, the defendant commenced to make propositions of compromise and finally proposed to the complainant that if she would execute a deed to the lands described in the bill that he would dismiss said prosecution, at the same time representing to her that if this was not done her husband would be convicted of the offense charged, and would be sent to the penitentiary; that by reason of said fraudulent representations and of the duress incident thereto, the complainant was induced to execute said deed to the

defendant. It was then further averred that said charge was absolutely false, and that although the deed expressed a consideration of $1,500, no consideration was paid whatever, and that said deed was obtained from the complainant by reason of the representations and duress as stated. It was then alleged in the bill that the complainant was, at the time of the filing of the bill, in the possession of the property described in the bill and conveyed in said deed.

The prayer of the bill was that said deed be cancelled as a cloud upon the complainant's title. The other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered the bill dismissed. From this decree the complainant appeals and assigns the rendition thereof as error.

MULKEY & MULKEY, for appellant, cited *Treadwell v. Torbert,* 119 Ala. 279; *Vincent v. Walker,* 93 Ala. 165; *Burke v. Taylor,* 94 Ala. 130; *Topley v. Topley,* 88 Am. Dec. 76; *Eadie v. Shiman,* 82 Am. Dec. 395; *U. S. v. Huckabee,* 14 Wall. 432; 5 Am. & Eng. Ency. of Law, 430; *Rea v. Longstreet,* 54 Ala. 291; *Daniel v. Stewart,* 55 Ala. 276; *Lockett v. Hurt,* 57 Ala. 188; 3 Brickell's Dig. pp. 355-6; *Phelps v. Zuschlag,* 34 Tex. 371; *Baker v. Morton,* 12 Wall. (U. S.) 150; *Hackley v. Headley,* 45 Mich. 569; *First Nat. Bank v. Watkins,* 21 Mich. 483; *Briggs v. Lewiston,* 29 Me. 472; *McMurtric v. Keenan,* 109 Mass. 185.

G. P. HARRISON, J. J. MORRIS and C. D. CARMICHAEL, *contra.*—Complainants' possession was tortious; hence she can not maintain suit to remove cloud from her title.—*Hamilton v. Adams,* 15 Ala. 596; *Turnley v. Hanna,* 67 Ala. 101; *Fleming v. Moore,* 122 Ala. 399; *Rogers v. Boynton,* 57 Ala. 501; *Campbell v. Davis,* 85 Ala. 56; *Tomlinson v. Watkins,* 77 Ala. 399; *Peeples v.*

[Treadwell v. Torbert.]

*Burns*, 77 Ala. 290; *Thorington v. City Council of Montgomery*, 82 Ala. 591.

SHARPE, J.—In controversies involving merely disputed questions of fact affecting title to land freed from matters calling specially for relief in equity, the right of trial by jury prevails, and for the settlement of such disputes courts of law afford the appropriate remedies. Duress when employed to procure a conveyance of property is a species of fraud, and is not of itself a ground of equitable jurisdiction. Hence, one who would sue only to avoid his deed to lands by fraudulent practices, and whose asserted title and estate are such as would support ejectment, cannot bring his case under the jurisdiction which exists in equity to cancel deeds and uncloud titles, unless he is in possession of the land and is so disabled to sue in ejectment.—*Peeples v. Burns*, 77 Ala. 290.

Nor will possession gained by a wrong to his adversary serve in such case to give a complainant standing in equity, for equity will not so encourage unfairness; and consequently this court has held unavailing to a complainant, a possession obtained by having tenants of his adversary attorn to him, because in so doing the complainant cooperated with the tenants in violating the duty they owed their landlord, of surrendering to him possession at expiration of the lease.—*Fleming v. Moore*, 122 Ala. 399; *Campbell v. Davis*, 85 Ala. 56.

In the present case the main facts relating to possession as we find them from the evidence are as follows: Soon after the deed in question was executed, defendant was let into the possession of the property it conveyed and which consisted mainly of farm lands, though two town lots were included. The lots were vacant and no acts of ownership over them are shown to have been done by either party except that defendant has paid taxes on them and offered them for sale. Defendant rented the farm lands in 1896 and 1897 to a tenant who cultivated part and sub-let the remainder of what he had rented. In 1898 this tenant refused to surrender the lands to defendant and suffered the sub-

tenants to remain thereon. The possession of these lands on which complainant relies, is such only as she holds by virtue of a contract whereby she agreed to rent the land to those persons who had previously rented from defendant's tenant, and through the occupation of those persons as her tenants.

The duty of surrendering possession at the end of the rental term rests on the sub-tenant no less than on the first tenant.—*Russell v. Erwin*, 38 Ala. 44; 18 Am. & Eng. Ency. Law, 403. Complainant, by contracting with them for their continued occupation, encouraged them to violate that duty; and in doing so was culpable in no less degree than if they had been the original tenant.

The principle applied in *Fleming v. Moore, supra*, governs this case; and under it the decree will be affirmed.