(99 South. 116)

## McNARON v. McNARON. (6 Div. 944.)

(Supreme Court of Alabama. Jan. 17, 1924. Rehearing Denied Feb. 7, 1924.)

1. **Husband and wife** ⟝49½(7)—**Trusts** ⟝ 86—**Purchase by husband in wife's name presumed to be gift.**

Real estate purchased by the husband, who pays the purchase money and by whose direction the title is made to the wife, is presumed to be a gift from husband to wife, and prima facie no resulting trust, nor claim for money so invested, exists in husband's favor.

2. **Husband and wife** ⟝49½(7)—**Burden of proof on husband to show deed for his purchase taken in wife's name not a gift.**

Since Code 1907, § 4498, expressly recognizes a gift from husband to wife as part of her statutory separate estate, and since land purchased by a husband and title thereto taken in the wife's name is presumed to be a gift, the burden of proof is on the husband to show a different intention.

3. **Appeal and error** ⟝1008(1)—**Finding of court on oral testimony accorded same presumption as verdict.**

Where case was heard on oral testimony before the court, his finding of facts is accorded the same presumption as a verdict.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Mark E. McNaron against Minnie L. McNaron, to declare a resulting trust in realty. From a decree denying relief, complainant appeals. Affirmed.

M. B. Grace, of Birmingham, for appellant.

All the money going into the purchase of the real estate was the property of appellant, the title being taken in the name of appellee. There was a resulting trust in favor of appellant. B. & A. R. R. Co. v. L. & N. R. Co., 152 Ala. 422, 44 South. 679; 1 Pom. Eq. Jur. (3d. Ed.) § 155; 3 Pom. § 1031; Haney v. Legg, 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81; Sanders v. Steele, 124 Ala. 415, 26 South. 882; Long v. Mechem, 142 Ala. 405, 38 South. 262; Code 1907, § 6091.

Beddow & Oberdorfer, of Birmingham, for appellee.

The decree of the court will be accorded the weight of a jury verdict, and will not be disturbed unless plainly erroneous. McClurkin v. McClurkin, 206 Ala. 513, 90 South.

917. Where the husband pays for property and title taken in the name of the wife, no trust will result to the husband, in the absence of evidence showing such was the intention of the parties. 13 R. C. L. 1389.

BOULDIN, J. The bill is by the husband to declare a resulting trust in residence property purchased and paid for by him, title being taken in the name of the wife.

[1, 2] By the great weight of authority in this country, except in jurisdictions governed by the civil law, where the doctrine of community property obtains, real estate, purchased by the husband, who pays the purchase money, and by whose direction the title is made to the wife, is presumed to be a gift from husband to wife. Prima facie, no resulting trust in the lands, nor claim for the money so invested, exists in favor of the husband. The burden of proof is on the husband to show a different intention. See 30 C. J. p. 702, § 298, and 13 R. C. L. p. 1389, § 439, where authorities are cited in notes. The same rule has been declared in Alabama. Pickett v. Pipkin, 64 Ala. 520. Our statutes expressly recognize a gift from husband to wife as part of her statutory separate estate. Code 1907, § 4498. On reason as well as authority, we adopt the rule above stated as the law of this case.

[3] The testimony in the case at bar was taken orally before the court. In such case his finding of fact is accorded the same presumption as the verdict of a jury. McClurkin v. McClurkin, 206 Ala. 513, 90 South. 917. We have carefully reviewed the testimony. The evidence, direct and circumstantial, fully supports the finding of the trial court to the effect that the property involved in this cause was a gift. No good purpose can be served by a discussion of the evidence in this opinion.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.