## PERRY et al. v. MARBURY LUMBER CO.
## (6 Div. 235.)

(Supreme Court of Alabama.    March 26, 1925.)

**1. Covenants ⬳118 — Plaintiffs suing for breach of covenant of title, and alleging paramount title in another, have burden of proving that such title was paramount.**

Plaintiffs suing for breach of covenant of title, and alleging an irresistible, paramount title in another, and that plaintiffs yielded to it without awaiting suit by purchasing such title, *held* to have burden of proving that title of such other was really paramount to plaintiffs' title secured by 'deed from defendant, and that such other could have evicted plaintiffs by legal process.

**2. Evidence ⬳258(1)—Statements of agent properly excluded, where no proof that agent had authority to bind principal.**

Exclusion of conversation of one acting as agent of defendant was proper, where it had not been shown that such agent had any authority to make any admissions binding defendant.

**3. Appeal and error ⬳1170(7)—Exclusion of conversation later admitted not prejudicial.**

Exclusion of conversation, if error, was not prejudicial under Supreme Court Rule 45 (Code 1923, p. 895), where such conversation was later admitted.

**4. Appeal and error ⬳1170(7)—Exclusion of evidence without injury where such evidence before court at the time.**

Exclusion of answer on ground that it was not proper way to prove agency, if error, was without injury under Supreme Court Rule 45 (Code 1923, p. 895), where evidence was before court at such time.

**5. Evidence ⬳111—Evidence as to manner of paying taxes previous to payment of taxes involved, properly excluded.**

Where one of the issues in case was whether owner had paid taxes for 1905, court properly refused to permit him to show that he had been in the habit of paying taxes by rendering checks through mail, as payment of taxes previous to 1905 was not involved. '

**6. Appeal and error ⬳1056(1)—Exclusion of statement constituting conclusions of facts and law not reversible error.**

. Exclusion of statement of witness that another "recognized that tax deed was invalid,"

if error at all, was not reversible, as statement gives conclusions of law and fact and fails to state what such other said. /

**7. Adverse possession ⬳27—Cutting and selling of timber by purchaser at tax sale relevant as tending to show adverse possession under tax deed.**

That purchaser at tax sale sold some of timber on land purchased, and was cutting and manufacturing it, was relevant and competent as tending to show adverse possession of land under tax deed.

**8. Appeal and error ⬳1170(7)—Exclusion of evidence held not to have affected substantial rights of plaintiffs.**

Exclusion of evidence as to how much timber had been cut by purchaser at tax sale, and whether anything was said between owner and purchaser as to how much timber was cut, which evidence was offered in view of proposed settlement between owner and purchaser as to tax sale.and purchase, which was never agreed to by parties, *held*, under Supreme Court Rule 45` (Code 1923, p. 895), not to have injured substantial rights of plaintiffs suing purchaser at tax sale for breach of covenant of title.

**9. Appeal and error ⬳1170(7)—Exclusion of evidence held not to have affected substantial rights of plaintiffs.**

Exclusion of testimony of plaintiffs' witness that defendant "was building a horse lot or mule lot to inclose his stock that he was feeding there, and using in logging and hauling," was merely a conclusion shedding no light on issues of case, and under Supreme Court Rule 45 (Code 1923, p. 895) did not affect substantial rights of plaintiffs.

**10. Appeal and error ⬳1056(2)—Exclusion of testimony immaterial to any issue held not to affect substantial rights of plaintiffs.**

From whom plaintiffs, suing for breach of covenant of title because of alleged paramount title of another, learned first of such other's claim to land, was immaterial to any issue, and exclusion of testimony of one of plaintiffs that a certain person had suggested such other's claim was not injurious to rights of plaintiffs.

**11. Appeal and error ⬳1050(1)—Admission of testimony over objection not ground for complaint, where previously admitted without objection.**

Admission of testimony over plaintiffs' objection that defendants, through their agent, had collected rents from land for a number of years, is not ground for complaint, where such testimony had been previously admitted without objection.

**12. Evidence ⬳357—Portions of letter relating to personal matters not connected with case properly excluded.**

Portions of letter written by attorney to defendant, which were not material to any issue in the case and related to foreign personal matters not connected .with case, were properly excluded.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**13. Appeal and error ⬤➾1170(7)—Exclusion of answer did not affect substantial rights of plaintiffs, where same matter testified to by plaintiffs' witness.**

Exclusion of answer of defendant to question asked him on cross-examination did not substantially affect rights of plaintiffs under Supreme Court Rule 45 (Code 1923, p. 895), where excluded testimony had been testified to by plaintiffs' witness.

**14. Appeal and error ⬤➾1012(1)—Findings of trial court sitting without a jury not disturbed unless contrary to great weight of evidence.**

Facts found by trial court sitting without a jury are accorded same presumption as verdict of jury, and court's conclusions will not be disturbed unless contrary to great weight of evidence.

**15. Appeal and error ⬤➾850(1)—Trial court's written findings of fact subject to review.**

Trial court's special findings of fact, made in writing as provided by Code 1907, § 5360, are subject to review by Supreme Court under section 5361.

**16. Taxation ⬤➾749—Purchaser at tax sale entitled to deed after two years from date of sale.**

Under Code 1907, § 2296, purchaser at tax sale is entitled to demand deed to land from judge of probate after two years from date of sale.

**17. Taxation ⬤➾805(1) — Limitation against recovery of land sold for taxes does not begin to run until purchaser in adverse possession and entitled to demand deed.**

The three-year statute against recovery of land sold for taxes (Code 1907, § 2311) does not begin to run until purchaser is in adverse possession and has become entitled to demand deed to it from judge of probate.

**18. Taxation ⬤➾805(1) — Continuous adverse possession by purchaser at tax sale for three years from time he is entitled to demand deed bars recovery by owner with certain statutory exceptions.**

Under Code 1907, § 2311, whether tax sale was void or valid, continuous adverse possession of land by purchaser for three years after he became entitled to demand tax deed from judge of probate would bar action for recovery by former owner except in instances mentioned in statute.

**19. Taxation ⬤➾810(3)—Evidence held not to show payment of taxes before tax sale preventing limitation against recovery from running.**

Evidence *held* not to show that owner of land, sold for taxes, paid taxes before sale, entitling owner to set up exception in Code 1907, § 2311, against recovery after . expiration of three years.

**20. Adverse possession ⬤➾79(4) — Tax sale deed, though defectively acknowledged, is "color of title," where signed by judge of probate and describing land and conveying it to purchaser.**

Tax sale deed in writing, signed by judge of probate, and describing land and conveying

it to purchaser, though defectively acknowledged, is at least color of title under Code 1907, § 2830.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Color of Title.]

**21. Covenants ⬤➾122 — Vendees suing for breach of covenant of title on ground of alleged paramount title in another held not to have sustained burden of proving paramount title of such other.**

Vendees, suing for breach of covenant of title and alleging paramount title in another, to which vendees yielded without awaiting suit by purchasing it, thus having burden of proving that such title was paramount, *held* not to have sustained burden of proof, in that evidence showed that title of such other was barred by adverse possession under three-year statute (Code 1907, § 2311) and ten-year statute (section 2830), and that, when vendees purchased land from such other, vendees' title was paramount to title of such other.

Appeal from Circuit Court, Jefferson County; Edgar Bowron, Special Judge.

Action for breach of warranty by A. A. Perry and another against Marbury Lumber Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

A. L. Crumpton, of Ashland, for appellants.

The tax deed, attempting to convey the lands to defendant, was 'void on its face. Rogers v. Adams, 66 Ala. 600; Merritt v. Phenix, 48 Ala. 87; E., T. V. & G. v. Davis, 91 Ala. 615, 8 So. 349; Davidson v. Ala. I. & S. Co., 109 Ala. 385, 19 So. 390; Holloway v. Henderson Lbr. Co., 194 Ala. 181, 69 So. 821. Any recognition of the true owner's title destroys the adverse character of possession. Kidd v. Browne, 200 Ala. 299, 76 So. 65; Snow v. Bray, 198 Ala. 398, 73 So. 542. Street's claim was recognized by the statements of the president and agent of defendant. Corley v. Vizard, 203 Ala. 564, 84 So. 299; D. J. Meador & Son v. Standard Oil Co., 196 Ala. 365, 72 So. 34; Attalla Compress Co. v. Adams, 16 Ala. App. 624, 80 So. 628. The covenants were broken in the making; plaintiff's right of action arose as soon as the covenant was made. Anniston Lbr. Co. v. Griffis, 198 Ala. 122, 73 So. 418.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

It is not permissible to prove recognition by officers of defendant of Street's title without showing the authority of such officers or ratification by defendant. Stanley & Co. v. Sheffield Co., 83 Ala. 260, 4 So. 34; M. & G. R. Co. v. Cogsbill, 85 Ala. 456, 5 So. 188. Exclusion of a question is justified, when the answer is prima facie irrelevant. B. R., L. & P. Co. v. Selhorst, 165 Ala. 475, 51 So. 568; Nevers Lbr. Co. v. Fields, 151 Ala. 367, 44 So.

---

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

81; B. R., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262. An invalid tax deed may operate as color of title. Hooper v. Bankhead, 171 Ala. 626, 54 So. 549; White v. Farris, 124 Ala. 461, 27 So. 259; Manly's Adm'r v. Turnipseed, 37 Ala. 522. An eviction is an essential constituent of breach. Tiedeman, Real Prop. § 855; Copeland v. McAdory, 100 Ala. 553, 13 So. 545.

MILLER, J. This is a suit brought by A. A. Perry and J. P. Perry against the Marbury Lumber Company, a corporation, for breach of a warranty in a deed conveying to them 180 acres of land, more or less, particularly described in the complaint. Count 1 of the complaint alleges defendant for $1,800 sold by deed, dated November 7, 1918, this land to the plaintiffs; that the land intended to be conveyed was incorrectly described in the conveyance, and to correct the errors therein the defendant made another deed conveying the land to plaintiffs by correct description on June 14, 1923. The defendant covenanted with the plaintiffs that it was lawfully seized in fee of the lands, which was to be binding as of November 7, 1918, the date of the first conveyance, and that defendant was not lawfully seized in fee simple of said lands; that at said time there was an outstanding lawful right and title to said land in one J. C. Street, and they were required to, and did, purchase from the said J. C. Street his right and title to the land before filing this suit, and paid him $1,900, which was necessary to purchase and hold the land.

Count 2 is practically the same as count 1, except it avers the covenant therein was as follows, "Said lands were free from all incumbrances," which was breached because at the time the lawful right and title to the land was in J. C. Street.

Count 3 is practically the same as count 1, except the covenant therein was, "That it had a good right to sell and convey the said land to these plaintiffs," and this was not true, and the covenant was breached because J. C. Street at that time had an outstanding lawful right and title to the land, superior to the right and the title of defendant.

Count 4 is practically the same as count 1, except the covenant therein was, "That it will warrant and defend said land to plaintiffs forever against the lawful claims of all persons," and this was not true, because at that time there was an outstanding title to the land in one J. C. Street, which was superior to the title of the defendant, and plaintiffs have purchased this superior title of said street to the land.

Each count avers, in substance, that plaintiffs were required to, and did, purchase the title of Street to this land before filing the suit, and they did have to pay him $1,900 to secure the title, and this was necessary for them to hold the land.

The cause was tried by the court without a jury on the general issue, filed by defendant to the complaint, and from a judgment by the court in favor of the defendant this appeal is prosecuted by the plaintiffs.

[1] Under the averments of each count of the complaint, no eviction of the plaintiffs by J. C. Street, actual or constructive, of any part of the land, is averred, and there is no proof showing an eviction by legal process. Neither was necessary because the counts allege a hostile assertion of an irresistible, paramount title to the land by J. C. Street, and the plaintiffs aver they yielded to it without awaiting suit by purchasing this superior right and title of Street to the land. This places on the plaintiffs the burden of proving that the title of J. C. Street to the land when they purchased it from him was really paramount to their title to the land secured by deed from the defendant, and that Street could have evicted them by legal process. Copeland v. McAdory, 100 Ala. 553, 559, 13 So. 545; Tiedeman on Real Property, § 855. In the case of Copeland v. McAdory this court wrote:

"An eviction, actual or constructive of the whole or a part of the premises, is an essential constituent of the breach. But it is not intended that there must be an eviction by legal process. If there is a hostile assertion of an irresistible, paramount title, the grantee may yield to it, not awaiting suit and judgment. If he yields, it is at his peril, and he takes upon himself in an action for a breach of the covenant, the burden of proving the title really paramount. Tiedeman on Real Property, § 855."

The plaintiffs offer evidence showing that George W. Beaird was in possession of this land claiming it in 1889, and sold and conveyed it by deed September 30, 1889, to John S. Turner. It was filed and recorded in the probate office, and John S. Turner went into possession of the land under that conveyance, and on February 15, 1900, by deed, sold and conveyed it to J. C. Street, which deed was duly recorded. On June 19, 1923, J. C. Street and wife for a consideration of $1,900 sold and conveyed this land to J. P. Perry, one of the plaintiffs in this cause.

It is to be observed that J. C. Street sold and conveyed the land to only one of the plaintiffs, and each count avers it was sold and conveyed by him to the plaintiff [both]; but no objection to its introduction was made on that account, and the parties raise no point on it in their argument, but have considered the case on its merits.

The plaintiffs also introduced in evidence a warranty deed to them executed by defendant on November 7, 1918, describing incorrectly a part of this land, and a warranty deed correctly describing the land was afterwards executed by defendant to plaintiffs on

June 14, 1923, binding as to warranty as of date of the former deed, which conveyances were duly filed and recorded in the proper probate office. The plaintiffs also introduced in evidence a certified copy of the delinquent tax sale and redemption record docket showing decree of sale of this land for nonpayment of taxes amounting to $5.72, assessed against J. C. Street, and for other fees, charges, and costs mentioned in the decree. This record shows the decree was rendered at the May term, 1906, for the taxes assessed, $5.72, "for year 1906, and that same are still due and unpaid." It is evident from this record and other evidence that the decree of sale was for taxes for the year 1905 and not 1906; that "1906" instead of 1905 was a clerical error and inadvertently written in the decree. This record shows the sale was on June 18, 1906, that the defendant, Marbury Lumber Company, was the purchaser, and the amount bid and paid for it was $112. The plaintiffs introduced in evidence a deed executed by the judge of probate of Randolph county, conveying this land to the purchaser at the tax sale, the Marbury Lumber Company, the defendant in this cause. It is dated August 8, 1908, and was imperfectly acknowledged by the judge of probate before a notary public. Said deed was duly filed and recorded on the date it was executed in the proper probate office.

[2-4] J. C. Street, witness for the plaintiffs, testified that he "learned in 1908 that Marbury [defendant] had bought the land for taxes, * * * when I found out that my tenants had paid rent to Marbury Lumber Company on these lands. I knew Mr. Lewis, the land agent of the Marbury Lumber Company, in that section of the country at that time. I saw him about the land and the rents shortly after I learned of the claim of the Marbury Lumber Company to the land." Plaintiffs then asked the witness the following question: "What did he tell you with reference to it?" The court properly sustained the objection to this question on the ground it is not shown that this agent had any authority to make any admissions to bind the Marbury Lumber Company. This proof of agency and authority was necessary to make the conversation relevant and competent. At that time there was no such proof before the court. Stanley v. Sheffield, 83 Ala. 261, 4 So. 34; M. & G. R. Co. v. Cogsbill, 85 Ala. 456, 5 So. 188. The plaintiffs cannot justly complain of this ruling, if it was error, because this conversation between Lewis and Street called for by the question was afterwards placed in evidence. The court permitted Street to testify as to a conversation between him and the president of the defendant company, in which he narrated to the court the full conversation of what he had said to Lewis and what Lewis said to him. He testified to telling this conversation

212 ALA.—35

to the president of the company, and what the president said as well as Lewis. Supreme Court Rule 45, Code 1923, p. 895. The plaintiffs asked the witness, "Did you know him [Mr. Lewis] as land agent of the Marbury Lumber Company?" to which he answered, "Yes, sir." This answer was on motion of the defendant excluded by the court because it was not the proper way to prove agency, and no facts are stated by the answer showing authority from the defendant to act for it. This witness had previously testified, without objection, that "I knew Mr. Lewis, the land agent of the Marbury Lumber Company, in that section of the country at that time," and if the court erred in this ruling it was without injury, as that evidence was before the court from this witness. Supreme Court Rule 45, supra.

[5, 6] The court did not err in refusing to allow plaintiffs to show by witness Street that during the time that he had owned this property, he had been in the habit of paying his taxes by rendering checks through the mail. One issue in the cause was whether Street had paid the taxes for 1905 on this property before it was sold in 1906 for the taxes of that year (1905). The court permitted him to show a letter from the tax collector dated February 5, 1906, stating: "Your taxes in this Co. is $6.65. Please send P. O. order, and I will mail receipt to you." The court permitted him to testify that on February 12, 1906, he mailed a check for $6.65, the amount the tax collector called for, to the tax collector. The payment of taxes on this land for years previous to 1905 was not involved. His habit of paying taxes for previous years by checks would have shed no light on whether this check for 1905 taxes was received and collected by the tax collector. The letter of the tax collector called for a post office money order. J. C. Street testified, "I never received the check back"; but there is no evidence showing it was received, presented to the bank, and collected by the tax collector before this land was sold for taxes. He did not prove or offer to prove this check was returned to him by the bank canceled. Street, witness for the plaintiffs, also testified on direct examination that "Mr. Marbury [president of defendant] recognized that the tax deed was invalid." The court sustained the motion of the defendant to exclude that testimony, and in this the court committed no reversible error, if error at all. It gives conclusion of facts and law, and fails to state what Marbury said.

[7-9] It was relevant and competent to show that the defendant, after it purchased this land at tax sale, sold some of the timber on it, and was cutting and manufacturing some of the timber, and there was such evidence. This tended to show acts of possession, adverse possession of the land under the tax deed by the defendant. But the

court did not err in sustaining objection to questions propounded by plaintiffs to Street as to how much timber was there that was cut by the defendant, and whether he said anything to Marbury in their conversation with reference to how much timber had been cut. This evidence, it appears, was offered in view of a proposed pending settlement between Street and defendant as to the tax sale and purchase, which was never agreed to by both parties. These rulings could not injure the substantial rights of the plaintiffs in this cause. Rule 45, Supreme Court, supra. J. C. Street further testified, "Marbury [defendant] was building a horse lot or mule lot to inclose his stock that he was feeding there, and using in logging and hauling"; and on motion of defendant this part was excluded by the court, "and using in logging and hauling." This was a conclusion, shed no light on the issues in the cause, and its exclusion would not affect the rights of plaintiffs in this cause. Supreme Court Rule 45, supra.

[10] J. P. Perry, one of the plaintiffs, was asked the following question on direct examination: "Was it he, Gillespy, that suggested the claim of Street?" The court sustained defendant's objection to this question. A sale of a part of this land was pending between plaintiffs and one Robins. Robins desired an abstract of title. Gillespy, an attorney, was making it. This witness and party to the suit had previously testified that, "The first I knew about Street's title, Dr. Malaney mentioned it to me." Whether plaintiffs learned first of Street's claim to this land from Gillespy, Dr. Malaney, or any one else, was immaterial to any issue in this cause, and this ruling could not be injurious to the rights of the plaintiffs.

[11] D. H. Marbury, the former president of the defendant, and now its witness on direct examination, testified that John D. Lewis looked after the rents from this land until 1908, 1909, or 1910; that Mushat took charge and collected the rents after that. He also testified on direct examination that, "The Marbury Lumber Company had collected rents on these lands." The plaintiffs moved to exclude that statement, which was overruled by the court. The witness testified he knew it from being an official of the company and from the reports made to the company by the different agents authorized to collect the rents. The plaintiffs cannot complain of this evidence, because this witness had previously testified without objection that, "My company received rent from this property after it was purchased at the tax sale. We received the rent from the time we purchased at the tax sale until we sold to Perry in 1918. We did not account to Street for the rents," and then J. C. Street, witness for the plaintiffs, testified the tenants on this land "stopped paying rents to me," and "I was informed in some way that they

were paying to Marbury"—meaning defendant. The evidence was practically without conflict that defendant, through its agents, collected the rents from this land in 1910, and from then annually until it sold it in 1918 to plaintiffs.

[12] The parts of the letter written by Ashcraft, attorney for Street, to the defendant, which were excluded by the court, were material to no issue in the case. They related to foreign, personal matters, not connected with this cause, and the court did not err in this ruling.

[13] D. H. Marbury, witness of defendant, was asked the following question on cross-examination by the plaintiffs: "Did you ever notify Mr. Street that you were holding that land adversely to him?" He answered, "No, sir." The court sustained defendant's objection to the question, and its motion to exclude the answer. Such evidence on cross-examination is permissible, and the court would have committed no error in allowing the question to be asked and the answer to remain in evidence; but the plaintiffs cannot complain at these rulings. They did not injuriously affect the substantial rights of the plaintiffs. J. C. Street, their witness, had testified that his tenants after the tax sale stopped paying rent to him and paid the rent to defendant; that he knew of the tax sale and purchase of the land by defendant, and possession of the land by defendant after the tax sale. His evidence clearly shows he had notice of facts indicating defendants claimed the land adversely under the tax sale purchase. Supreme Court Rule 45.

[14] This clause was tried by the court without a jury. The testimony was given orally by the witnesses in his presence. The facts found by him should be accorded the same presumption as the verdict of a jury. The court's conclusion based on such evidence should not be disturbed, unless clearly wrong or contrary to the great weight of the evidence. Bice & Sons v. Robinson, 210 Ala. 471, 98 So. 462; Foshee v. State, 210 Ala. 155, 97 So. 565; McNaron v. McNaron, 210 Ala. 687, 99 So. 116.

[15] The defendant in writing requested the trial court to make a special finding of the facts from the evidence, as the statute provides. Section 5360, Code 1907. The court complied with this request, stating in writing the facts as it found them, and this statement of facts with the judgment of the court was signed by the judge, and was entered on the minutes of the court. The facts so found by the court are subject to review by this court on appeal. Section 5361, Code 1907; Odom v. County Coal Co., ante, p. 374, 103 So. 42; Jones v. Hines, 205 Ala. 145, 87 So. 531.

[16-18] This tax sale of this land was made on June 18, 1906, and two years from that date, the purchaser (the defendant) became

entitled to demand a deed to the land from the judge of probate. Section 2296, Code 1907; Loper v. Gates Lbr. Co., 210 Ala. 512, 98 So. 722. The statute, section 2311, Code of 1907, is the same as section 4089 of the Code of 1896. Under that statute, which is applicable to this cause, the limitation of three years does not begin to run until the purchaser is in adverse possession of the land, and has become entitled to demand a tax deed to it from the judge of probate. Loper v. Gates Lbr. Co., 210 Ala. 512, 98 So. 722. Whether this tax sale was void or valid, continuous adverse possession of the land by the defendant as purchaser for three years after it became entitled to demand a tax deed to it from the judge of probate, and before the defendant sold and conveyed it to plaintiffs, would be a bar to an action for the recovery of it by J. C. Street, the former owner, except in the instances mentioned in the statute. Williams v. Oates, 209 Ala. 683;[1] Loper v. Gates Lbr. Co., 210 Ala. 512, 98 So. 722; section 2311, Code of 1907; and section 4089, Code 1896. This rule has probably been changed by section 3107, Code of 1923, which states, "Nor shall it apply to void sales," but the change has no bearing on the facts in this cause.

[19] There is only one exception in this statute (section 2311, Code 1907; section 4089, Code 1896) which could from the testimony apply to J. C. Street, and is as follows:

"This section shall not apply to * * * cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold, prior to such sale."

The evidence on this subject is in conflict. It is evident and clear the land was sold for the taxes due on it for the year 1905. Were these taxes paid prior to such sale? J. C. Street testified that he mailed the tax collector a check for the amount of this tax prior to the sale, but there is no evidence that the check was received by the tax collector, presented to and paid by the bank. Street testified the check was never returned to him. He fails to prove that it was paid by the bank and the check returned canceled to him. The plaintiffs introduced in evidence the letter of the tax collector to Street, the decree of sale of the land for taxes, the tax deed made by the judge of probate to the defendant. The letter informs Street of the amount of his taxes for 1905, and requests him to send a post office money order for same. The decree of sale states, "It appearing to the court that the taxes have been assessed * * * and the same are still due and unpaid." The tax deed states the land was sold under a decree for the state and county taxes then due from J. C. Street. Street knew after the tax sale the rents were paid annually to the defendant, and the con-

versations introduced in evidence between Street and Marbury, together with the foregoing and other evidence, convinces us that Street did not pay at any time the taxes on this land for the year 1905, for which the land was sold.

The trial court in its statement of facts found that the defendant went into possession of this land in 1910, or prior thereto, and collected from its tenants on the land rent for all the years from 1910 to 1918, both inclusive; that it sold the timber off of this property, and it was cut in 1918; and defendant sold this land to plaintiffs on November 7, 1918, and that plaintiffs continued in possession of it under their purchase from defendant until they contracted to sell a part of it to Robins in 1923. This written statement of facts by the trial judge contains the following facts found by the court:

"That the said J. C. Street did not at any time receive any rents from any of the tenants after 1909, and that he knew the rents were being paid by the tenants to the defendant who had purchased at the tax sale.

"The court finds that the defendant went into possession of the land shortly after recording the tax deed, and that it remained in possession of it adversely, continuously, openly, notoriously, claiming to own the same up to and including the time of the sale to plaintiffs, and that the said plaintiffs after said sale remained in possession openly, notoriously, continuously, and adversely, claiming to own the same by deed from defendant duly recorded, up to the time of the sale to Robins above noted.

"The court further finds that the alleged title of said J. C. Street to the lands in question at the time of the purchase by plaintiffs, and the execution of the quitclaim deed from J. C. Street to the plaintiffs, was not a paramount title to that of the defendant, and that the plaintiffs should not recover in this action, and plaintiffs and defendant each excepts.

The testimony sustains by its weight the facts so found by the trial court.

[20] The land was sold for nonpayment of taxes on June 18, 1906, and the tax deed by the judge of probate to defendant was executed and recorded August 18, 1908. It is clear from the evidence and practically without dispute that the defendant was in continuous adverse possession of this land under its tax deed from 1910 to 1918, when it sold and conveyed the land to the plaintiffs. This was for more than three years after it became entitled to demand a deed therefor from the judge of probate. The evidence justified the trial court in holding and declaring that the defendant's title at the time it sold the land to plaintiffs was paramount to the title of J. C. Street, and that plaintiffs could not recover in this suit. J. C. Street could not by action against the defendant commenced on November 7, 1918, the day defendant sold and conveyed the land to plaintiffs, have secured under the evidence in this cause a judgment for the land. The defend-

[1] 96 So. 880.

ant's title to and right to the possession of the land was then superior, paramount to the title and rights of J. C. Street to it. Street's right of action for recovery of the land was barred at that time by the three year statute. Authorities supra. This tax sale deed is dated August 18, 1908. It was filed and duly recorded in the probate office of the county in which the land is located on August 18, 1908. This deed is in writing, signed by the judge of probate, describes the land, and conveys it to the defendant. The acknowledgment is defective, but this deed is at least color of title. Hooper v. Bankhead, 171 Ala. 626, head note 8, 54 So. 549; Reddick v. Long, 124 Ala. 260, head note 10, 27 So. 402.

Section 2830, Code of 1907, provides that adverse possession cannot confer or defeat title to land unless the party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for ten years before the commencement of the action.

The trial court found, and it is sustained by the evidence, that the defendant was in continuous adverse possession of this land under the tax sale deed from shortly after its recordation (not later than 1910) until it sold the land on November 8, 1918, to the plaintiffs, and plaintiffs after their purchase remained and continued in adverse possession of it, claiming to own it, until the sale of a part of it to Robins in 1923, or when on June 19, 1923, J. P. Perry purchased the land from J. C. Street, thereby agreeing that Street's title was superior and paramount to his and A. A. Perry's title to the land.

[21] At that time (in 1923) Street's right of action, under the evidence, to recover the land from the plaintiffs was barred. The defendant and his vendees, the plaintiffs, had been under color of title, duly recorded in the proper probate office, in 1908, in continuous adverse possession of this land for more than ten years. Their combined possession had been continuous and adverse from 1910 to some time in 1923, under color of title which was duly recorded in 1908 in the probate office of the county in which the land is located. The plaintiffs yielded to Street's title in 1923 without awaiting suit and judgment by J. C. Street to recover the land. They did so by one of them purchasing the property from him. As hereinbefore shown, plaintiffs acted at their peril in so doing, and thereby assumed the burden of proving that his title was really paramount to theirs at that time. Copeland v. McAdory, 100 Ala. 559, 13 So. 545, and authorities supra. They fail to meet and overcome by the evidence this burden of proof assumed by them. An action by J. C. Street against the plaintiffs to recover this land, commenced on the day (June 19, 1923) he executed the deed purporting to convey it to one of the plaintiffs or on the day in 1923 when they yielded to his title as paramount to theirs to the land, was, under the evidence in this cause, barred by adverse possession under the three-year statute and also under the ten-year statute. When J. P. Perry purchased by deed the land from J. C. Street, the title of plaintiffs to it was then paramount to the title of Street. Section 2311, Code 1907; section 4089, Code 1896; section 2830, Code 1907, and authorities supra.

The testimony indicates and supports the facts found by the trial court, and these facts authorize and sustain the judgment rendered in favor of the defendant.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

