194 So. 822

**BROWN v. ELLISON et al.**

**6 Div. 561.**

Supreme Court of Alabama.

March 7, 1940.

Rehearing Denied April 4, 1940.

J. A. Estes, of Bessemer, for appellant.

Chas. E. Wilder, of Birmingham, for appellees.

BOULDIN, Justice.

When a suit is brought by a nonresident without giving security for costs as required by Code, § 7249, the defendant may invoke the jurisdiction of the court by motion to dismiss for want of security for costs, whereupon, the court may fix a time within which security for costs shall be given. If given in compliance with such order, the statute is complied with. The notion that plaintiff must either give security at the time of filing suit, or get an order in advance giving time for so doing, is not the law under our present statute. Daggett v. Boomer, 210 Ala. 673, 99 So. 181; Davis v. Harris et al., 211 Ala. 679, 101 So. 458; Consumers' Roofing Co. v. Littlejohn, 228 Ala. 59, 152 So. 31; Ex parte Bradshaw, 174 Ala. 243, 57 So. 16.

The action was in statutory ejectment.

Defendant claimed under a tax deed and adverse possession for three years under his tax deed. Code, § 3107. The property was sold in 1930 for the taxes of 1929. The property had been assessed by plaintiffs, and was sold as their property, for nonpayment of taxes. Defendant had been in actual possession for three years following the execution of a tax deed to him as assignee of the certificate of purchase.

The short statute of limitations, above cited, applies to such case, except as therein provided. Tidwell v. McCluskey, 191 Ala. 38, 67 So. 673.

But by its terms this statute does not "apply to void sales." Whatever be the meaning of "void sales," and still leave a field of operations for this statute, we are convinced that sales void on the face of the tax proceedings, open to the inspection of holders of tax titles, are excluded from the operation of the short statute of limitations. Perry et al. v. Marbury Lumber Co., 212 Ala. 542, 543, 547, 103 So. 580.

Under the controlling statute a report of the tax collector that he was unable to collect the taxes assessed against the lands without a sale thereof was jurisdictional. Without such report the decree of sale and deed pursuant thereto were void. Craig et al. v. Swader et al., 225 Ala. 366, 143 So. 553; Pollak v. Milam, 190 Ala. 569, 67 So. 381; Henderson et al. v. Simmons, 234 Ala. 329, 174 So. 491.

The tax sale proceedings in this record disclose no such report. Undisputed evidence negatives such report. For this reason the defendant could not defend under the three-year statute.

This statute, Code, § 3107, does not apply, if the taxes were paid before the sale.

Touching this issue it is sufficient to say:

Where the tax collector for many years has received and accepted United States postal money orders sent through the mails by nonresident taxpayers in payment of their taxes, and such money order for full amount due is sent, by mail, postage prepaid and properly addressed, and is duly received in the tax collector's office, this operates as payment, and operates to stay any proceedings for the sale of the lands.

We need not deal with the application of the statute in the event the amount remitted was insufficient to pay the taxes and accrued costs to that date, and such remittance reached the tax collector's office, but was there lost and the fact and amount of the remittance never known, nor accepted, and the tax proceedings went forward in the belief that no remittance had been made. The duty of the taxpayer to send the full amount, and the right of the collector to refuse a part payment sent as full amount, would become involved. This tax sale was void on grounds first discussed, and the three-year statute was no defense.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.