34 So.2d 165

**BOBO et al. v. EDWARDS REALTY CO.**

6 Div. 569.

Supreme Court of Alabama.

Dec. 11, 1947.

Further Rehearing Denied March 11, 1948.

McEniry, McEniry & McEniry, of Bessemer, for appellants.

Huey, Welch & Stone, of Bessemer, for appellee.

SIMPSON, Justice.

The bill seeks to obtain the benefits of § 296, Title 51, Code 1940, sometimes referred to as a redemption. The question is whether or not the averment in the bill, that the redeeming plaintiff is (when suit filed) the owner and in possession of the land, a sufficient allegation of possession to sustain the bill, when tested by demurrer.

Said § 296, in short, provides that when the suit ("for the recovery of real estate sold for the payment of taxes," § 295) is against the taxpayer or any of his title successors named in the section, on motion of the defendant made at any time before trial, the court shall ascertain the amount paid by the purchaser at the tax sale, etc., and, in effect, allow a form of redemption. Green v. Stephens, 198 Ala. 325, 73 So. 532.

The principle has heretofore been deduced that this Code section had the effect of conferring an additional right of redemption in case of valid tax sales on the named persons and that, under its terms, a taxpayer or his statutory successor in title who, in case of a suit at law against him for the recovery of the land, would have the privileges of the statute, may make those privileges available by a bill in equity when no suit is pending for the recovery of the land, and without waiting to be sued for possession. Burdett v. Rossiter, 220 Ala. 631, 127 So. 202; Bell v. Propst et al., 220 Ala. 641, 127 So. 212; Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So. 2d 411; Standard Contractors Supply Co. v. Scotch, 247 Ala. 517, 25 So.2d 257

The bill in the instant case is not filed under § 1109, Title 7 of the Code, as a statutory bill to quiet title under which a redemption under § 296 may also be effected as in such cases as National Fireproofing Corp. v. Hagler, 226 Ala. 104, 145 So. 421; Standard Contractors Supply Co. v. Scotch, supra; Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75; and Odom v. Averett et al., 248 Ala. 289, 27 So.2d 479. Nor is it one to remove a cloud on title as discussed in Watson v. Baker et al., 228 Ala. 652(6), 154 So. 788.

It is a straight bill to enforce a redemption in equity under said § 296, a remedy heretofore approved by this court as avail-

able to an owner plaintiff. Tensaw Land & Timber Co. v. Rivers, supra.

The requisite averments of possession essential to invite equitable relief by the several stated remedies are, of course, not the same. The court in many cases has pointed out the allegational requirements in statutory bills to quiet title and to remove clouds on titles, but we find no decision indicating the character of possession to be alleged in a bill such as the instant one seeking direct relief under the section.

■ The trend of our decisions seems to have been rested on the theory that to enforce a redemption in equity under the Code section the owner, taxpayer or other statutory designee must have remained in some sort of actual or constructive possession of the land since the tax sale. Burdett v. Rossiter, supra; Green v. Stephens, supra; Standard Contractors Supply Co. v. Scotch, supra.

■ The character of the redemptioner's possession necessary to such equitable relief is not prescribed in the statute, but the holding in all our cases on the subject is that such possession need not be peaceable as is required for relief under § 1109, Title 7 of the Code (statutory bill to quiet title), but only such possession that "some nature of suit must be brought to oust him [taxpayer], provided it was not obtained tortiously. Fleming v. Moore, 122 Ala. 399, 26 So. 174." Standard Contractors Supply Co. v. Scotch, supra, 247 Ala. at page 519, 25 So.2d at page 258. And, that his possession is only scrambling does not deprive him of his right of redemption, though it would deprive him of relief under said § 1109. Standard Contractors Supply Co. v. Scotch, supra.

■ The principle has also been settled that where there had never been any real occupancy of the land, no one having been in actual possession thereof, the possession is regarded as constructive and follows the title of the original owner. And in land of this character the right of the true owner or his statutory title successor would not be cut off by the scrambling possession of the tax purchaser (or his successor in title) or by any other character of possession short of that as would be sufficient to comply with the law of adverse possession.

However, as stated, for the remedy under the statute to be available it is essential that the taxpayer's possession be such as to require a suit at law against him for recovery of possession. Hence our holding that if he has such possession he can maintain the suit in equity under the section as for a redemption.

Our cases, however, have not attempted to establish the precise principle now under consideration, nor have they dealt with the requisite continuity, after the tax sale, of the taxpayer's possession, though there are some general expressions in some of our cases which would seem to make the law on the question appear to contain casuistries.

Morris v. Card, 223 Ala. 254, 135 So. 340, is particularly stressed, in argument, as having declared on the principle that the taxpayer or his statutory successor need only have possession when the suit is filed. It should be noticed in passing that the strict question of pleading raised by the demurrer here considered was not in the view of the court in that case but decision there was posed on the predicate that the taxpayer and his title successors never abandoned constructive possession of the vacant property and the acts evidencing occupancy by the tax title claimant were not of a sort sufficient as acts of actual, adverse possession to vest title as against the contructive possession of the redeeming plaintiff.

In view of the argument advanced and the stated construction placed on Morris v. Card, supra, and some few other of our cases by learned counsel, we have thought it wise to recast our original opinion in order to clear up the point.

A pertinent observation is found in Brunson v. Bailey, 245 Ala. 102, 104, 16 So. 2d 9, 11, where it was said: "The question in such a controversy is whether the right to redeem by the taxpayer has been cut off by the possession of the tax purchaser." The question may be somewhat clarified by keeping in mind the short statute of limitations § 295, Title 51, Code 1940, which should be considered, in some respects, in connection with § 296. As that provision

of law (§ 295) appeared in the Code of 1923, it had no application to a void tax sale, but that feature was eliminated (General Acts 1935, p. 366, § 260) so that subsequently, and now, void tax sales are within its purview. Prior to the amendment, under the 1923 Code, a purchaser at a void tax sale possessing the property adversely for three years was not benefitted by the short statute of limitations (Code 1923, § 3107). Brown v. Ellison, 239 Ala. 320, 194 So. 822. But after the amendment of 1935 if the purchaser at a void tax sale holds actual adverse possession for three years he has the benefit of § 295 and thereby acquires a valid title.

This redemption statute does not necessarily exclude an owner who has relinquished possession and afterwards regained it. But we do not think the remedy under § 296 could apply to situations where the possession had been wrongfully regained as one which justified an action of forcible entry and detainer, as where the taxpayer after giving up possession reentered and became a trespasser on the property, or where he had surrendered possession and later had reasserted possession wrongfully or tortiously, such as described in Fleming v. Moore, 122 Ala. 399, 26 So. 174, and Standard Contractors Supply Co. v. Scotch, supra; or where the taxpayer or his successor in title had lost the right by the intervening adverse occupancy of the tax title claimant for the prescriptive period of the statute (short statute of limitations, § 295). Moorer v. Malone, 248 Ala. 76, 26 So.2d 558; Odom v. Averett, supra; Long v. Boast, 153 Ala. 428(4), 44 So. 955; Perry v. Marbury Lumber Co., 212 Ala. 542(18), 103 So. 580; Howard v. Tollett, 202 Ala. 11(4), 79 So. 309; Hambaugh v. McGraw, 212 Ala. 550, 103 So. 646; Tidwell v. McCluskey, 191 Ala. 38, 67 So. 673.

With these considerations in mind, let us look at the case made by the bill. It is averred that the vacant, unenclosed lot was sold for taxes June 5, 1930, and purchased by the State; that on February 3, 1939, the State conveyed it to defendant Bobo, who paid the stipulated sum for the tax title and who, with Frances Bobo, the other defendant, has assessed and paid the taxes thereon since that time; that plaintiff *is* the owner and in possession thereof and had offered to redeem, which offer has been refused by the defendants, etc.

It would seem clear from our cases that the bare allegation of possession by the plaintiff at the time of suit does not meet the test. Construing these allegations most strongly against the plaintiff, as is the rule on demurrer, the prior status of the possession of the land may have been such that the right of redemption had been cut off by the intervening rights of the tax claimant under a situation such as adverted to above.

It is axiomatic in equity pleading that the bill must show with clearness and accuracy all matters essential to the plaintiff's right to recover and must not be made to depend on inference, nor will inconclusive or ambiguous averments of such matters be accepted as sufficient. Seals v. Robinson, 75 Ala. 363; Frederick v. Hartley, 202 Ala. 43, 79 So. 381; Walker v. Harris, 238 Ala. 176, 189 So. 746.

Another way of stating the rule is that the plaintiff must state his title with sufficient certainty and clearness to enable the court to say that he has such right as would warrant equitable interference and the averments of the bill must be so complete that on demurrer or decree pro confesso the court can without evidence say that complainant is entitled to the relief prayed. Eutaw Ice, Water & Power Co. v. Town of Eutaw, 202 Ala. 143, 79 So. 609; Majors v. Killian, 230 Ala. 531, 162 So. 289.

To conclude this discussion then, in order to invoke the benefits of said § 296 for redemption by a bill such as the instant one, we think good pleading should require the plaintiff to do more than allege his possession at the time of suit, and that he should set forth facts establishing that he (or his statutory designee, one and all) has without interruption been in the actual or constructive possession of the land since the tax sale or that the rightful possession of the land obtains at the time of suit.

The allegation that the plaintiff is the owner of the land (when suit filed) does not aid in curing the defect. Such an averment is repugnant to the theory on which the

suit may be maintained, because the suit assumes that the title had passed to the tax purchaser by a valid tax sale. Standard Contractors Supply Co. v. Scotch, supra.

Bains Bros. Invest. Co. v. Walthall, 180 Ala. 45, 60 So. 142, relied on by counsel on original submission to sustain the bill, has no relation to § 296, supra, but is controlled by a different statutory system, applying to sales for municipal taxes, where as pointed out in Bains Bros. Invest. Co. v. Purdie, 180 Ala. 333, 336, 60 So. 920, equity may be resorted to to effect a completed redemption. It is no model for a bill under § 296, supra.

Nor is the case of Baker v. Farish, 244 Ala. 178, 12 So.2d 547, reaffirmed in Harrell v. Vieg, 246 Ala. 669, 22 So.2d 94, and cited with approval in Timms v. Scott, 248 Ala. 286, 27 So.2d 487, of any controlling importance on the principle here discussed where the redemptioner under § 296 assumes the validity of the tax sale. These last cited cases have to do with the invocation of the general powers of equity to redeem real estate from any lien—in those cases, from a tax lien under void tax sales, the remedy at law not always being adequate.

We adhere to our original conclusion that the pertinent grounds of demurrer were well taken and should have been sustained.

Reversed and remanded.

Original opinion withdrawn.

Rehearing denied.

All the Justices concur.