# Stacey *v.* Jones.

*Bill to Quiet Title.*

(Decided December 17, 1912. 60 South. 823.)

1. *Quieting Title; Pleading; Prayer.*—A bill to quiet title which contains all the necessary averments to give it equity is not rendered demurrable because it contains a special prayer not in accordance with the statute.

2. *Same; Title.*—Where a bill to quiet title complies with all the statutory requirements it is not rendered invalid because it goes further and states the sources and character of the titles of the complainant and respondent.

3. *Same.*—Where a bill to quiet title goes further than the statute requires and in addition to the statutory requirement deraigns the chain of title of the complainant and defendant it is not rendered demurrable, since such allegations were surplusage; the proper method, if defendant decided to admit the allegations of the bill, being by answer, the statute, which is sui generis not requiring complainant to prove his title, but requiring defendant to establish his claim.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. W. G. MCCORVEY.

Bill by James W. Jones against Travis Stacey to settle titles to land. Decree overruling demurrer and respondent appeals. Affirmed.

INGE & MCCORVEY, for appellant. Counsel discuss the titles of complainant and respondent and the effect of the proceedings in the probate court to set aside the realty to the widow of Adville Stacey and cite authorities in support of their contention and on these authorities base the argument that the bill discloses title in the respondent and that therefore the court erred in overruling demurrers to the bill.

W. B. MERRILL, and STEVENS, LYONS & DEAN, for appellee. The decree overruling demurrer to the bill should be affirmed on the authority of *Snell v. Roach*, 150 Ala. 473, and cases there cited.

MAYFIELD, J.—This is a statutory bill to "settle the title to lands, and to clear up all doubts or disputes concerning the same," as is authorized by section 5443 et seq. of the Code.

The bill contains all the averments which the statute requires, and a great many more. More than two-thirds of the bill is a statement of the sources and character of the complainant's title and possession, which, of course, is unnecessary, but does not destroy the equity of the bill. The bill not only sets out all the sources, as well as the character, of the complainant's title, but also sets out the sources and the character of the respondent's titles, claims, and demands in and to the lands, and then concludes with this averment: "That all relevant facts and transactions affecting or bearing

upon the title to the said lands are herein set forth and alleged, and the title to said land depends and rests exclusively upon said facts and transactions. Wherefore, the premises considered, your orator respectfully prays as follows," etc.

If the respondent had answered, admitting the allegations of the bill and had submitted the case for decision on the bill and answer, then the trial court could and would have determined and "settled the titles and cleared up all doubts or disputes between the parties concerning the same," as the statute authorizes. The respondent, however, did not do this, but demurred to the bill on the following grounds: "(1) Because said bill of complaint shows on its face that the complainant has no interest in the lands described in the bill of complaint. (2) Because the said bill of complaint shows on its face that the complainant, James W. Jones, only had an estate for the life of Mary Jane Stacey in the lands described in the bill of complaint, which estate terminated on the death of Mary Jane Stacey. (3) Because said bill of complaint shows on its face that the defendant, Travis Stacey, is well vested of a title in fee simple to the lands described in the bill of complaint." The court overruled the demurrers, and from that decree this appeal is prosecuted.

There was no error in this ruling or decree. The bill did aver that complainant was in the peaceable possession of the land, claiming to own it in fee, and that the respondent was not in the possession, but was claiming, or was reputed to claim, some right, title, or interest in the land. This is exactly what is required by the statute, which reads as follows: "The bill must describe the lands with certainty, must allege the possession and ownership of the complainant, and that the defendant claims or is reputed to claim some right, title,

or interest in or incumbrance upon such lands, and. must call upon him to set forth and specify his title, claim, interest, or incumbrance, and how and by what instrument the same is derived and created."—Code, § 5444.

It is true that the special prayer of the bill is not exactly what the statute directs, but no objection was taken thereto; and if such had been taken it would not go to the equity of the bill. As was said by this court in *Bledsoe v. Price,* 132 Ala. 621, 625, 32 South. 325, 326: "The nature and character of the bill must be determined from a consideration of the facts averred in it. And if, upon the facts stated, the bill has equity, the special prayer will not destroy that equity."—*Mc-Donnell & Co. v. Finch,* 131 Ala. 85, 31 South. 594.

As before stated, the bill contains a great many unnecessary statements as to the source and character of complainant's title, as well as that of the respondent; but these do not destroy the equity of the bill if it is otherwise shown by its alleging all that the statute requires. This was so decided in the case of *Bledsoe v. Price, supra,* 132 Ala. 624, 32 South. 326, where it is said: "Confessedly, the averments of the bill, in stating how, in what way, and from what source the complainants became the owners of the land, and in describing the claim of the respondent, go beyond the requirements of a bill framed under section 809 et seq. of the Code.—*Interstate B. & L. Ass'n v. Stocks,* 124 Ala. 109, 27 South. 506. The fact that it contains these things, in connection with the averment that complainants are in peaceable possession of the land, does not impair its efficiency as a bill under the statute."

The same rule of practice was declared in the cases of *Adler v. Sullivan,* 115 Ala. 582, 22 South. 87, and *Vaughan v. Palmore,* 176 Ala. 72, 57 South. 488, 489. In

the latter case the former is reviewed; it being there said, among other things: "If the complainant be in the peaceable possession of the land, claiming to own it in his own right, and the land is also claimed by the respondent, but no suit is pending to test the validity of the claim, this gives the complainant the right to test the validity of the respondent's claim or title. The purpose of the original bill is to ascertain what title, claim, interest, and incumbrance the respondent has, and not that of the complainant, and how and by what interest his title derived. If the respondent desires to so test the complainant's title or claim, he must do so by a cross-bill. As was said by this court in the case of *Adler v. Sullivan*, 115 Ala. 582, 22 South. 87, though a bill sets out the source of the complainant's title and possession, and thus serves to give notice to the respondent of the title and possession on which the complainant relies, in opposition to any claim or title that the respondent may assert in his answer, yet the source and character of such title or possession is not necessary to the equity of the bill. In that case, as in this, the respondent objected to the bill because the allegations as to the tax title of the complainant showed an invalid claim under such tax title, and therefore no right or title to or possession of the land. But such contention was held to be not availing, on demurrer to the bill, in a suit under this statute."

It has been frequently pointed out by this court that our statute on this subject is practically, if not literally, taken from the New Jersey statute of 1870. The New Jersey statute had been construed by the New Jersey court when we adopted it, and, as we have repeatedly said, we adopted it with that construction placed upon it. As has been pointed out by that court, the statute is sui generis. It is not primarily to es-

[Stacey v. Jones.]

tablish a perfect title in the complainant, and to cancel a spurious or invalid title or claim of the respondent, though the result of the suit may have this effect. The primary purpose of the statute is to enable a party who is in the peaceable possession of land, and who, for this reason, cannot maintain an action at law, to compel a party who claims a right, title, or interest in the land, or who is even reputed to so claim, to come into a court of equity and propound and show the nature, character, and kind of his title, claim, and demand, and to have it determined, and to have the court to decree and adjudge whether it is good or bad, and to what extent, and to what part of the land it is good or bad. It is not the object of the original bill to declare what title the complainant has, but what the respondent has; and if the respondent desires to test the sufficiency of complainant's title he must do it by a cross-bill. If the complainant is in the peaceable possession, claiming to own the land, and there is no suit pending by which he can test the respondent's title, claim, or demand, this is all that is necessary to give equity to the original bill.

In this state, as well as in New Jersey, the profession seem not to be willing to rely solely upon the requirements of the statute, but they often, as in this case, after alleging all that the statute requires, go further and set out the sources and character of the titles of both the complainant and the respondent. The respondent, then, instead of answering or filing a cross-bill, and thereby testing the complainant's title, as well as having his own tested, demurs to the bill, as was done in this case, on the ground that the bill shows that complainant has no title or valid claim, or because it shows that the respondent has a valid, legal, or equitable title, claim, or demand, prior or paramount, one or

[Stacey v. Jones.]

both, to the claim of the complainant. Suppose this be true, and the court sustains the demurrer, what is the natural and probable effect? If the complainant declines to amend, his bill is dismissed, and he remains in possession indefinitely, with the title all the time as much unsettled and undetermined as it was before he filed his bill. If he amends, he, of course, amends by striking out the unnecessary allegations, and requires the respondent to show his own title, and the complainant to show his; whereupon the court determines and settles the disputed titles, and this decree is recorded as evidence of the titles of the respective parties to the land in question. If these unnecessary allegations of complainant as to the respondent's and his own titles are the truth and the whole truth, why should not the respondent admit it, and consent or request that the court determine the title in his favor, rather than demur and have the title still unsettled and undetermined, or require the amendment by striking out what he must *subsequently allege* in order to obtain relief?

For these reasons the practice has been adopted and followed by the New Jersey court and by this court of requiring the respondent to answer, or to file a cross-bill, if he desires relief, or to test the complainant's title, that such relief cannot be had on a demurrer to the bill. If the bill contains all the allegations necessary to give it equity, that equity is not destroyed by alleging additional and unnecessary facts which show that complainant has no title, or that the respondent has a prior and paramount title. In other words, if the complainant is in the peaceable possession of the land, claiming to own it, and there is no suit pending by which the respondent's title or claim can be tested, the complainant has the statutory right to have the respondent's claim or title judicially tested, determined,

and settled, though his bill shows that the respondent's title is prior and paramount to his.

If the complainant desires to originally assume the unnecessary burden of alleging the kind and character of title upon which his and the respondent's claims are based, and it is truly alleged, the respondent is not injured thereby; and, if not truly alleged, then the respondent can, in his answer, allege the truth and obtain complete relief.

One feature of this statute which distinguishes bills under it from ordinary bills in equity is that the statute gives the complainant the right to have the respondent's title or claim determined and settled; and he has this right whether his own or the respondent's title be good or bad, if the complainant is in the peaceable possession, and there is no action pending by which the title can be tested.

The New Jersey court, in speaking of the statute of that state, has said (*Fittichauer v. Metropolitan, etc., Co.*, 70 N. J. Eq. 434—436, 61 Atl. 748): "The main purpose, as we have seen, of the act is to afford the complainant a means of compelling 'the determination of claims' to lands of which he holds peaceable possession. If the claim is invalid, the decree will so declare. If the claim is valid, the decree will so declare. The statute seems to recognize the right in the complainant to have the hostile claim or reputed claim made valid and binding, if the court finds it to be valid or binding, or to have it declared invalid, if such is the decree of the court. If, however, such a demurrer should be sustained, I think it quite plain that the only practical result would be that the complainant would amend his bill by striking out the description of the defendant's valid claim, thus making the framework of his bill exactly comply with the statutory requirements. The ir-

[Stacey v. Jones.]

regularity and anomaly in our procedure under this statute have, I think, been brought about by confusing the ancient bill quia timet to remove a cloud from a title, in which the complainant sets forth his own title and the defendant's title, and starts out affirmatively with the burden of proof upon him to demolish the defendant's title or claim, with this peculiar statutory action, in which the object of the bill is to compel the defendant to take the affirmative, to bring a suit at law or in equity, to set forth any demand of any kind which he sees fit to set forth, and to give the complainant the benefit of a decree relieving the land of which he holds peaceable possession from all claims of the defendant, or establishing those claims and rendering them definite, so as to inform the complainant precisely what their character and extent in fact are."

It therefore follows that the trial court properly overruled the demurrer to the bill.

It is now both unnecessary and improper for us to pass upon the respective titles of the complainant and the respondent as shown by the bill.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.