(80 South. 375)

WELCH v. SMITH et al.     (5 Div. 699.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. QUIETING TITLE ⬤⟿19—STATUTORY REMEDY—SCOPE.

Bill to quiet and determine title and claims to land under Code 1907, §§ 5443–5449, may properly seek to correct or cancel deeds under which respondents claimed title and thereby remove cloud from complainant's title.

2. ADVERSE POSSESSION ⬤⟿29 — UNCLEARED LAND.

Landowner using land adjoining on two sides and very near his residence, for more than 30 years, as a part of his land for the purpose of firewood and other timbers, where such use was open and notorious and land was not cleared or fenced, *held* to have title thereto by adverse possession.

3. ESTOPPEL ⬤⟿94(2)—ADMINISTRATOR'S SALE—HEIR AS GRANTEE.

Administrator's sale of land did not constitute an estoppel against heir to whom land had been conveyed by decedent by deed claimed to have described land by mistake, where no possession was ever taken by purchaser at such sale or his grantees.

4. QUIETING TITLE ⬤⟿23—STATUTORY REMEDY—NECESSITY OF POSSESSION.

Complainant in bill to quiet and determine title and claims to land under Code 1907, §§ 5443–5449, was required to show either actual or constructive possession at time bill was filed.

Appeal from Circuit Court, Coosa County; A. H. Alston, Judge.

Action by L. H. Welch against D. Lonnie Smith and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Geo. A. Sorrell, of Alexander City, for appellant.

John A. Darden, of Goodwater, for appellees.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MAYFIELD, J. [1] Appellant, complainant below, denominates his bill one to remove cloud from title. An examination of the bill, however, shows it to be one under the statute to quiet and determine title and claims to land. Code 1907, c. 127, §§ 5443–5449. The bill, however, as it may properly do, seeks to correct or cancel deeds under which respondents claim title, and thereby remove a cloud from his title.

The respondents answered the bill, setting forth their title or claim as prayed in the bill, and, denying complainant's title, make their answer a cross-bill and ask affirmative relief. The hearing was had on the original bill, answer, cross-bill, and testimony taken by all parties. The trial court denied the original bill and awarded the relief proposed in the cross-bill, deciding that respondents had title and complainant none to the 40 acres of land in dispute, which is the S. E. ¼ of the N. W. ¼ of section 7, township 23, range 18 east, in Coosa county, Ala.

Both parties claim title through a common source, Benjamin Calloway. Complainant's theory is that Benjamin Calloway died seized of it, and that title to it passed out of his heirs by an administrator's sale, and then by conveyances on down to complainant. Respondents claim that Benjamin Calloway parted with the title before his death by a deed of conveyance, and that title has by chain of conveyances come down to them; and that this is unquestionably shown, but for errors in the description of the original deed which have permeated all the subsequent ones in this chain of title. Complainant contends there was never any intention to convey the 40 acres mentioned in the deeds, and that this is shown by other descriptions, metes, bounds, and monuments mentioned in the deed; that it was a mere clerical error in writing the government numbers "S. E. ¼ of N. W. ¼"; that it was intended and should have been the N. W. ¼, of S. E. ¼.

The description of that part of the 40 acres in question, which passed from Benjamin Calloway, the common source, to J. M. Calloway, is far from being definite and certain. With the evidence before us, it is impossible to ascertain the exact part of the 40-acre tract intended to be conveyed. The evidence, however, does satisfy us that some part of it was intended to be conveyed.

The parties evidently treated this deed as conveying that part of the 40 in question that is west of the branch known as Bowden Branch, which is about one-half of the 40.

The other part east of this branch was subsequently conveyed to J. M. Calloway, the grantee of the deed from Benjamin Calloway, by the heirs; or a part thereof after the death of said Benjamin Calloway. The first of these deeds was executed in 1871, the second in 1885, and whatever possession there has been of this 40 since 1885 has been in J. M. Calloway, and those claiming through him; and it appears that respondents own all the land owned by J. M. Calloway.

[2] While there is some conflict as to the adverse possession, it satisfies us, as it did the chancellor or trial judge, that it is sufficient to ripen into title after this long period of time. While the land is not cleared or fenced, it adjoins that of respondents—as to which there is no dispute—on two sides, and is very near the residence; and that it has for more than 30 years been used as a part of the J. M. Calloway tract for the purpose of firewood and other timbers, just as such unused lands next to a country home are always used. This use was open and notorious, and we are not satisfied that there has ever been any adverse user of it against respondents, or J. M. Calloway since he occupied it. While it was being sold in the court as belonging to the estate of the original owner, the common source of title, that was probably because of the indefiniteness in the deeds of the original owner; and no possession thereof was ever taken by the purchaser at the sale, or by his grantees.

The title, however, had passed out of the original owner to the west half, and of his heirs to the east half, in these parts, west and east of Bowden Branch; being before the sale by the administrator, and consequently no title could have passed by this sale.

[3] There were no such facts to constitute an estoppel against J. M. Calloway, or his heirs, by reason of the administrator's sale.

[4] The plaintiff must fail in the original bill because he failed to show possession when the bill was filed, either actual or constructive; of this we have no doubt.

While the evidence is not without dispute to establish respondents' title, yet it is sufficient to satisfy us, as it did the chancellor, that the respondents, by means of conveyances and of adverse possession, have acquired title to the land in question.

It follows that the decree of the chancellor, or trial judge, is in all things affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.