(88 South. 553).

**WOOD et al. v. HOLLIDAY.** (8 Div. 288.)

(Supreme Court of Alabama. April 7, 1921.)

1. **Quieting title** ⊚⟹34(5)—**Bill should set forth which defendant is asserting claim.**

A bill of complaint in action to quiet title should set forth just which one of the defendants is asserting claim or title to the land.

2. **Quieting title** ⊚⟹34(5)—**Bill should not deraign defendant's title.**

A bill of complaint in suit to quiet title should not deraign defendant's chain of title.

3. **Equity** ⊚⟹148(3)—**Bill to quiet title under statute and to remove cloud from title held not multifarious.**

A bill to quiet title under the statute, and also to remove a cloud from complainant's title by reforming a deed and canceling a certain clause inserted therein through mistake of scrivener, was not multifarious, relating to same subject-matter between the same parties, under Code 1907, § 3095.

4. **Reformation of instruments** ⊚⟹33 — **Husband held proper party in action to reform deed.**

In action to reform a deed sufficient to convey interest of husband, change sought only affecting interest of wife, the husband was properly made a party, especially where the deed was a warranty deed and husband would be liable upon his warranty as for the failure of the title because part of same was in wife, who merely released marital right as to his interest.

Appeal from Circuit Court, Lawrence County; O. Kyle, Judge.

Bill by J. W. Holliday against B. F. Wood and others to quiet title to land and to correct a deed. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The allegations of the bill are that the complainant owns and is in peaceable possession of the land described; that the said land belonged formerly to B. F. Wood and N. B. Wood, jointly, and that in July, 1918, they sold the same to A. G. and C. D. Patterson, partners, under the firm name of Patterson Mercantile Company, and then and there undertook to convey the same to the Patterson Mercantile Company. The recited consideration was fully paid and the conveyance delivered to said Patterson Mercantile Company, conveyance being a warranty deed, properly signed and acknowledged by the respondents before a justice of the peace, but that in drawing the deed, through error and mistake, and not appreciating the probable legal effect thereof, the justice filled out a clause as follows:

"And I, N. B. Wood, wife of said B. F. Wood, join my husband in the execution of this conveyance and in consideration of all the premises, hereby remise, release and quitclaim, unto the said Patterson Mercantile Company, all my right, title and claim to dower and homestead in and to the lands above described."

The deed being a warranty in all respects, the quoted clause makes it probably to appear that the interest of the said N. B. Wood in said land was not conveyed. The Patterson Mercantile Company was let into possession of said land under said conveyance and sold and conveyed the same to complainant by warranty deed. Complainant now holds said land by virtue of said conveyance. That the deed by respondents to the Patterson Mercantile Company was prepared by filling out the printed blank, and said blank contained said above-quoted clause, which was not necessary to make a legal and valid conveyance, and that, on account of such mistake or defect in the said deed to the Patterson Mercantile Company, respondents, or one of them, claimed to own or hold some title to, interest in, or lien or incumbrance on, the land above described. There is also an allegation that there is no suit pending in any court to test the validity of said title, interest, lien, or incumbrance.

The demurrers raised the points of want of equity, multifariousness, in two aspects, and because it failed to state that N. B. Wood let the Patterson Mercantile Company into possession or that she entered into an agreement to sell to the Patterson Mercantile Company her undivided interest in the land.

R. L. Almon, of Moulton, for appellants.

The bill contains no equity. Sections 4486, 4493, 5443, and 5444, Code 1907; 99

Ala. 281, 12 South. 775; 68 Ala. 463; 139 Ala. 247, 35 South. 647; 176 Ala. 565, 58 South. 920. The bill is multifarious. Section 3095, Code 1907; 125 Ala. 124, 29 South. 183, 82 Am. St. Rep. 222; 174 Ala. 438, 57 South. 20; 51 Ala. 574; 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67; 68 Ala. 463; sections 4493 and 5231, Code 1907.

G. O. Chenault, of Albany, for appellee. No brief reached the Reporter.

ANDERSON, C. J. [1, 2] As pointed out in the opinion of the learned trial court, the bill of complaint in this case is defective as one to quiet title under the statute, as it does not set forth just which one of the respondents is asserting a claim or title to the land. It is also suggested in said opinion, and we think properly so, that the bill, as one to quiet title under the statute, injected an issue in the case which should more properly be set up by the respondents, or one of them, by a cross-bill, and suggested the case of Stacey v. Jones, 180 Ala. 236, 60 South. 823, as a guide. The trial court did not, however, sustain the demurrers, as none of them pointed out this defect.

[3] The respondents prosecute this appeal and assign as error the overruling of those grounds of demurrer, testing the general equity of the bill, and that it is multifarious, because it seeks to quiet title under the statute and also to remove a cloud from the complainant's title by reforming a deed and canceling a certain clause inserted therein through the mistake of the scrivener. The bill is not bad because filed in a double aspect; that is, because it seeks to quiet title and also to reform a deed from the respondents to the complainant's grantor. In both aspects it relates to the same subject-matter between the same parties. Section 3095 of the Code of 1907; Macke v. Macke, 200 Ala. 260, 76 South. 26, and cases there cited. The case of Brown v. Feagin, 174 Ala. 438, 57 South. 20, is in no sense opposed to this holding. There, one alternative of relief sought was against third persons who had no interest in the other alternative—there was no community of interest.

[4] It is also suggested in brief of appellants' counsel that the bill is bad as for a misjoinder of parties. That is, that the deed sought to be reformed is sufficient to convey the interest of the husband, and that the change can only affect the interest of the wife, and as to which the husband has no present interest but a mere expectancy in case of her death without devising the land to another. This is no doubt true, but the bill seeks to reform a deed wherein he is a cograntor and was a party to the transaction. Moreover, he has an interest in the result, as the bill charges that it is a warranty deed

and he would be liable upon his warranty as for the failure of the title because part of the same was in the wife, who merely released her marital right as to his interest, and the deed as it now stands makes him the grantor and warrantor as to the entire title. Sims, Chan. Prac. § 160; Kinney v. Ensminger, 87 Ala. 340, 6 South. 72. The bill could no doubt be more specific as to the mutuality of mistake as to the printed clause in the deed, but this question is not assigned as error if it was raised by any ground of demurrer.

The decree of the circuit court is affirmed. Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.