2 So.2d 773

**DENBO v. SHERRILL et al.**

**8 Div. 123.**

Supreme Court of Alabama.

May 29, 1941.

Chas. H. Eyster and J. W. Patton, Jr., both of Decatur, for appellant.

Russell W. Lynne, of Decatur, for appellees.

GARDNER, Chief Justice.

The bill contains all essential averments (§ 9906, Code 1923), of one to quiet title to realty as specifically authorized by § 9905, Code 1923, and is properly to be so construed. Title 7, §§ 1109, 1110, Code 1940. True complainant goes beyond the statutory requirements in averments as to his own title, which allegations defendants insist disclose that his title is invalid, and it is upon this theory the Chancellor entertained the view the bill was without equity and entered the decree sustaining the demurrer and dismissing the bill.

But we have consistently construed this statute to the effect that averments as to complainants' own title may properly be treated as surplusage and as in no manner affecting the equity of the bill. Such is the established rule of practice fully discussed in Stacey v. Jones, 180 Ala. 231, 60 So. 823. See, also, Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217 and Wisener v. Trapp, et al., 216 Ala. 595, 114 So. 196. The bill was dismissed, as indicated, upon the theory it was incapable of amendment. But as shown by the opinion in Stacey v. Jones, supra, the bill could readily be amended by striking the unnecessary allegations as to complainant's title, and thus leave the bill free from criticism as a statutory bill to quiet title. It was error,

therefore, to sustain the demurrer and dismiss the bill.

This result renders unnecessary discussion of questions concerning the averments of the bill relating to complainant's title. But in view of the reversal here entered we think it not inappropriate to make a few observations which may prove helpful upon a further consideration of the cause.

The sale of the lot here in question was by way of exchange, the guardian for the minors considering it to their best interest that the lot be exchanged for a productive farm, which was done and the farm accepted. Though statutory proceedings before the probate court (§ 9357 et seq., Code 1923, Code 1940, Tit. 47, § 219 et seq.) were to a large extent followed, defendants insist no title passed by the deed of the guardian for lack of confirmation by the court as provided in Sections 9365, 9366, Code 1923, Code 1940, Tit. 47, §§ 227, 228, and attention is directed to Woodall, et al. v. Orr, 219 Ala. 681, 123 So. 220; McEachin v. Warren, 92 Ala. 554, 9 So. 197; Montgomery v. Perryman, 147 Ala. 207, 41 So. 838, 119 Am.St.Rep. 61; Roy v. Roy, 159 Ala. 555, 48 So. 793; Wilson v. McKleroy, 206 Ala. 342, 89 So. 584, 588; Van Houtan v. Black, et al., 191 Ala. 168, 67 So. 1008, and others of like character.

But complainant answers by citation of authorities to the effect that a court of equity has the power to confirm a sale of realty of a minor if originally the court would have decreed the sale in the first instance as to the minor's best interest. Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13. Complainant further argues the principle of estoppel in pais, applicable to infants, he insists, as well as adults, which would call for an election or prevent the minors in the instant case from retaining the benefits of the exchange and at the same time re-take the exchanged property to the prejudice of one who in good faith acted upon the transaction as valid and binding. Hobbs v. Nashville, Chatt., etc., Rwy. Co., 122 Ala. 602, 26 So. 139, 82 Am. St.Rep. 103; Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am.St. Rep. 73; Coburn v. Coke, 193 Ala. 364, 69 So. 574; Blair v. Brooks, 234 Ala. 129, 173 So. 851.

The result reached as herein first considered renders unnecessary full determination of these principles as applicable to the merits of the cause, but we have considered it proper to state they are deserving of serious consideration and study upon final determination of the case.

For the error indicated, the decree is reversed and the cause remanded.

Reversed and remanded.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.