25 So.2d 257

**STANDARD CONTRACTORS SUPPLY CO. v. SCOTCH.**

**6 Div. 375.**

Supreme Court of Alabama.

March 7, 1946.

Boutwell, Pointer & Hawkins, of Birmingham, for appellee.

Harold Himrod, of Birmingham, for appellant.

FOSTER, Justice.

The bill originally filed made the necessary allegations under section 1109, Title

7, Code, to quiet the title to certain lots of land, including the allegation that it is in the peaceable possession of them. In addition to the statutory allegations, it was also alleged that respondent claims under a tax title, with effort to redeem.

There was a demurrer to the bill assigning various grounds. Those which need be here noted are that the bill is multifarious: that the time for redemption has expired; and that no facts are shown which entitle complainant to redeem. The demurrer was sustained.

The bill was then amended to be solely a statutory bill to quiet title. Demurrer was overruled. An answer was filed. The testimony taken before a commissioner.

The court made final decree denying relief and dismissing the bill. On appeal from that decree, appellant assigned as error the decree sustaining demurrer to the original bill, as well as the final decree. Section 755, Title 7, Code of 1940.

Relief was evidently denied complainant and his bill dismissed on an assumption and finding that complainant was not in the peaceable possession of the property. For if he was found to have been so in possession the court would have decreed on the merits of respondent's claim.

Appellee contends that there was no prejudice to complainant in sustaining the demurrer because it was shown on the trial that complainant was not in the peaceable possession, and that he was not entitled to relief based on the stricken matter had it remained in the bill.

■ There are certain well settled principles which seem to apply to the situation. A bill filed under the statute to quiet title may properly seek affirmative relief such as to correct or cancel a deed and remove a cloud,—Welch v. Smith, 202 Ala. 402, 80 So. 375; Georgia. Loan & Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794,—or redeem under section 296, Title 51, supra (section 3108, Code of 1923). Watson v. Baker, 228 Ala. 652, 154 So. 788(5).

■ There is no inconsistency in the matters alleged which render the bill multifarious under the existing statute in that respect. Tennessee Valley Bank v. Clopton, 219 Ala. 181, 121 So. 548; Rule 15, Chancery Practice.

■ While it is necessary to allege and prove peaceable possession to get relief under section 1109, Title 7, supra, in order to have relief as for a redemption by a taxpayer remaining in possession under section 3108, Code of 1923, section 296, Title 51, Code of 1940, after the expiration of the time to redeem under section 3109, Code of 1923, section 303, Title 51, Code of 1940, peaceable possession is not necessary, but it only requires such possession that some nature of suit must be brought to oust him, provided it was not obtained tortiously. Fleming v. Moore, 122 Ala. 399, 26 So. 174. If he is in possession and the purchaser at the tax sale is scrambling with him as to its retention, such situation does not deprive him of his right to the benefits of those statutes though it would deprive him of relief under section 1109, Title 7, supra. Bell v. Propst, 220 Ala. 641, 127 So. 212; Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411; Chesnutt v. Morris, 223 Ala. 46, 135 So. 344; Morris v. Card, 223 Ala. 254, 135 So. 340.

■ A bill is properly filed for redemption by a taxpayer who has remained in possession, though a scrambling possession, if the time fixed for redemption under section 3109, Code of 1923, section 303, Title 51, Code of 1940 has expired. Tensaw Land & Timber Co. v. Rivers, supra, and cases cited; Georgia Loan & Trust Co. v. Washington Realty Co., supra.

■ None of the grounds of demurrer to the original bill point out any defect in it as one to exercise such right of redemption, and though the sustaining of the demurrer may have been without injury insofar as the bill sought statutory relief under section 1109, Title 7, supra, if complainant had such possession as to support a bill to redeem under section 3108, Code of 1923, section 296, Title 51, Code of 1940, he should have had the privilege of proving it. We need not cite the numerous opinions of this Court which support such a bill. They are cited in the Tensaw case, and others supra.

Reliance is had on the case of Osborne v. Waddell, 176 Ala. 232, 57 So. 698. In that case it does not clearly appear what relief was sought as to the tax sale. The bill was for a sale for partition. By amendment it brought in a person who was not a tenant in common alleged to have purchased from a tax sale purchaser, and prays for an adjudication of the interest of this person, and decree that he has only a lien for taxes. The court could not appraise the status of the bill, but noted that

if regarded as a bill to quiet title it was multifarious, as held in Brown v. Feagin, 174 Ala. 438, 57 So. 20.

Both those cases were partition suits, and the Court was holding that in such a suit it would be multifarious to bring in one not a tenant in common but who claimed some interest and to quiet his title. But the theory of those cases is affected by that of Thomas v. Skeggs, 218 Ala. 562, 119 So. 610, and Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Watson v. Baker, 228 Ala. 652, 154 So. 788.

It was observed also in Osborne v. Waddell, supra, that if it be treated as an effort to redeem from this third person under the tax sale it was without equity as to him because complainant could redeem under section 2313 and 2314, Code of 1907, and that such redemption is exclusive. The Court did not then have in mind the construction which has been placed on section 3108, Code of 1923, section 2312, Code of 1907, which is not one for redemption in terms, but has been so treated in equity when the facts justify it as we have above pointed out. It has never been held that in a suit to quiet title under the statute complainant cannot set out the details of the contention showing he has some equitable relief in respect to respondent's claim of title with an effort in the same bill to have such relief decreed.

It is also noted that the complainant was not required to allege or prove his ownership of the lots in either aspect of the claim. As one to quiet title under section 1109, Title 7, Code, his right is dependent upon his claim of title and peaceable possession, and not actual ownership. His right to redeem under section 296, Title 51, Code, assumes that the title passed out of complainant by the tax sale, and he is trying to restablish it, dependent upon his possession, not necessarily peaceable possession. His right is not affected by his failure to pay the taxes while the title was in the State under the tax sale. If he can redeem at all, it is on the condition that such taxes be paid. The contention of appellee in that regard is of no avail.

We do not pass upon the contested questions in the case, other than to hold that the demurrer to the original bill should not have been sustained, and that in doing so it was error to reverse.

We do not appraise the contention of complainant that notice was due him by authority of section 316, Title 51, Code of 1940, or other claims with respect to the validity of the tax title. Regardless of his rights under those contentions as affecting the claim of the purchaser, complainant has seen fit to contest them under a statutory bill to quiet title which is dependent upon peaceable possession to sustain it.

But complainant is also seeking in equity to redeem under another statute, and he has the benefit of that relief conditioned upon such possession as that it would take some sort of suit to oust him, but not dependent upon it being peaceable. We do not say whether he has made such proof. As that issue is to be tried on remand, we now leave it open. For the error pointed out the decree is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.