37 So.2d 430

**BELCHER v. McGINTY.**

**6 Div. 648.**

Supreme Court of Alabama.

Nov. 12, 1948.

Cope & Cope, of Union Springs, for petitioner.

Lawrence K. Andrews, of Union Springs, opposed.

Jackson, Rives & Pettus, of Birmingham, for appellant.

Ling & Bains, of Bessemer, for appellee.

LIVINGSTON, Justice.

This cause was submitted in the court below upon an agreed statement of facts, showing substantially the following: the complainant, Mrs. Beulah McGinty purchased "lot 2 in block 6, Midfield sector A, according to the map and survey made by Allendale Land Company, and recorded in Map Book 16, at page 6, in the office of the Judge of Probate of Jefferson County, Alabama, situated in Jefferson County, Alabama," from the Allendale Land Company, a corporation, on May 12, 1931. She paid state and county taxes thereon through the year 1940, and assessed the property for the tax year of 1941. The property was sold to the state of Alabama on August 17, 1942, on account of delinquent state and county taxes for the sum of $4.98. The certificate representing said sale was transferred and assigned to B. H. Lipsey on July 25, 1945, and the 1944 taxes were included in the sale. On August 18, 1945, the probate judge of Jefferson County, by tax deed, conveyed to B. H. Lipsey the lot involved. On May 24, 1946, B. H. Lipsey, an unmarried man, conveyed the lot to W. A. Belcher, the respondent, by quitclaim deed. On March 5, 1947, complainant in this cause instituted against respondent in this cause an ejectment suit in the Bessemer Division of the Circuit Court of Jefferson County to try title to the lot On May 21, 1947, the plaintiff in the ejectment suit took a nonsuit and paid the costs of court. Complainant instituted the present suit on May 22, 1947.

The property involved in this litigation is a vacant lot measuring twenty-five feet by one hundred feet, on a paved street in the community known as Midfield in Jefferson County. No buildings or structures have been placed on the lot, and it has not been cultivated. But complainant's agents placed three signs reading "no trespassing, Beulah McGinty, owner," on the lot the day before this suit was commenced; there have been no other acts, words or signs indicating who was in possession of the lot between the time of the tax sale and the institution of this suit.

It is agreed that the lawful charges to redeem, if the complainant has such a right of redemption, amount to $31.10, with interest from June 26, 1946.

While the foregoing are not all the facts agreed upon, they are sufficient for the purpose of this decision.

The bill in this cause was filed under and by virtue of the provisions of section 1109, Title 7, Code of 1940. It contains the allegations required by section 1110, Title 7, Code. But it contains other allegations which are sufficient to show that respondent claims title to the lot involved by virtue of a tax sale. And, further, an offer to pay "such amount as is determined

as a lien or payment due to said respondent," as is required by section 296, Title 51, Code.

█ Taking all of the allegations together, the bill is essentially a proceeding in equity to redeem land sold for taxes under section 296, supra, with the idea that the holder of the tax title shall be reimbursed for his lawful charges, and the tax title then removed as a cloud on the title of one entitled to redeem.

Respondent's demurrer to the bill was properly overruled.

Respondent answered and made his answer a cross bill, and prayed that the court decree that he (respondent) had a good and valid title to the lot involved, free of any lien or claim of complainant. Respondent rested his claim entirely on the tax deed, the deed to Lipsey, and Lipsey's deed to him.

The trial court entered a decree to the effect that complainant owned the lot involved, and was entitled to redeem from the tax sale, but that respondent has a lien thereon for the amount necessary to accomplish that purpose. Respondent appealed.

█ This appeal is governed by section 296, Title 51 Code. The purpose of that statute was to save to an owner of land sold for its taxes the right to redeem it without limit of time provided he has such possession of it as may be sufficient for that purpose. Tensaw Land & Timber Co. v. Rivers et al., 244 Ala. 657, 15 So.2d 411, 413; Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75. See, also, Standard Contractors Supply Co. v. Scotch, 247 Ala. 517, 25 So.2d 257.

It was said in Moorer v. Chastang, supra [247 Ala. 676, 26 So.2d 78]:

"The proceeding is designed to allow one in possession of lands, who comes within one of the classes set forth in the statute, to clear the title of any adverse claim arising out of a sale of the property for taxes. And he need not wait for the holder of the tax title to sue in ejectment. Tensaw Land & Timber Co. v. Rivers, supra; Georgia Loan & Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794; Standard Contractors Supply Co. v. Scotch, supra.

"We think it is obvious that in order to entitle the complainant to the relief sought in this peculiary statutory proceeding, there are certain primary requisites. First possession of the land by the complainant within the meaning of the statute. Chesnutt v. Morris, 223 Ala. 46, 135 So. 344; Standard Contractors Supply Co. v. Scotch, supra. Second membership by the complainant in a class of those allowed under the statute to redeem. Third a claim to the land by the respondent under a tax title or proceeding. Fourth no suit pending to enforce or test respondent's claim. If these primary requisites are present, then the case can proceed to a determination of the amount necessary to redeem, the payment thereof to the holder of the tax claim or title and a decree quieting the title of complainant."

█ It is clear enough that under the agreed facts the primary requisites to redeem are present. The decree of the trial court conforms to this view, and is due to be and is affirmed.

Affirmed.

BROWN, SIMPSON and STAKELY, JJ., concur.