56 So.2d 674

**ANDERSON et al. v. SMITH et al.**

I Div. 475.

Supreme Court of Alabama.

Jan. 24, 1952.

Scott & Porter, Chatom, and Holberg, Tully & Aldridge, Mobile, for appellants.

Adams & Gillmore, Grove Hill, for appellees.

FOSTER, Justice.

In this case appellee invokes a clause of section 1123, Title 7, Code of 1940, to show title to the one hundred and sixty acres of land in question. That is a provision of the proceeding in rem to quiet title. It is as follows: "Against all persons (other than minors, lunatics and those whose right of possession is postponed until the happening of some future event) who have neither paid any taxes upon said lands nor had any possession thereof, or of any part thereof, during the ten years next preceding the filing of the bill of complaint, and against all persons not intervening in said cause and claiming any interest in said lands, color of title to said lands and payment of taxes by complainant, or those under whom he claims, for ten consecutive years next preceding the filing of the bill of complaint, shall be prima facie evidence of title to said lands in complainant; *proof of such color of title and payment of taxes for twenty years next preceding the filing of the bill of complaint, shall be conclusive evidence of title against all persons other than minors, lunatics and those whose rights of possession have been postponed until the happening of some future event, and other than persons who have paid taxes upon said lands, or upon a part thereof, within such period of twenty years next preceding the filing of the bill of complaint."* Gen.Acts 1923, page 699 (Enacted October 1, 1923). Compare statutes of other states. 2 Corpus Juris, 210 et seq.; 2 C.J.S., Adverse Possession, § 179.

This suit is in equity by three alleged shareholders against four shareholders to settle a controverted title to land and to sell it for division.

The bill alleges that respondents claim the three-sevenths interest of complainants by adverse possession and prays for a decree ascertaining the interests of the respective parties.

The history of the title, as shown by the pleadings and evidence, is as follows: It was patented to Solomon Anderson in 1859, and he deeded it to his wife Rebecca Anderson the same year. Rebecca Anderson died intestate sometime between 1890 and 1895, leaving seven children. The complainants stand in the right of three of these children and respondents are the successors in interest by conveyance from four of them. These four conveyed their rights and interests by deed purporting to cover all interests, and through successive conveyances reached Florence B. Settle sometime prior to November 1905. On November 29, 1905, she conveyed it to Humphrey R. Wagar by deed purporting to pass all interests. On June 14, 1906, by a like deed he conveyed it to Wagar Land Company, a corporation. This suit was begun December 6, 1948. For a period extending more than twenty years immediately prior to that time and subsequent to October 1, 1923, supra, the taxes on the land were paid on assessments to the respondents, or to Wagar Land Company or to McClure Pine Company. The McClure Pine Company had a twelve year timber right from Wagar Land Company dated May 3, 1926, obligating it to pay the taxes on the land during such lease. During said period of twenty years and more no one else paid taxes on it. Those claiming the three-sevenths interest which complainants claim have never assessed or paid taxes since Rebecca Anderson paid the taxes on all the land for 1894.

So that the record shows respondents have color of title to all interests, and they

610

and those from whom they have conveyances have assessed and paid the taxes on the land for over twenty years next preceding the filing of the bill in this case. There is no evidence of minority, lunacy or future interests represented by complainants, or that they or those through whom they claim have assessed or paid taxes on the land during that time or at any time after the death of Rebecca Anderson. None of such interests have had any sort of possession since the death of Rebecca Anderson. Respondents and their predecessors claim to have had possession during the time subsequent to their respective conveyances. But this claim will not now be inquired into, as it is not an element of that feature of section 1123, Title 7, to which we have referred. The foregoing facts embrace the essentials of that statute, except that this is not a suit in rem under that article of the Code. So that our problem is to determine whether the statute quoted above has application to a suit of the sort here under consideration.

The answer in connection with the bill asserts in substance those matters required in a bill in rem by section 1117, Title 7 of the same article. There is no cross-bill by respondents. But an allegation of necessary facts in answer is now treated as a cross-bill. Equity Rule 26, Code 1940, Tit. 7 Appendix.

 When a statute grants substantial rights as the result of stated facts, it is often said not to be necessary in order to assert those rights that the suit be of the sort in which the statute in terms applies. Section 295, Title 51, Code; Tensaw Land & Timber Co. v. Rivers, 244 Ala. 657, 15 So.2d 411; Belcher v. McGinty, 251 Ala. 342, 37 So.2d 430.

On the principle declared in the above cases, we think that where the title to land is sought to be settled or is involved in litigation, the facts stated in section 1123, Title 7, supra, have application and lead to the asserted result when the proper parties are before a court of competent jurisdiction, regardless of the nature of the litigation. Certainly a respondent in a suit in equity should not be required to file an independent suit in rem under the authority of that article to obtain its benefits, when in the pending suit the rights and interests of the parties in the land are to be determined.

Our attention has been called to Act No. 882, approved September 12, 1951, Gen. Acts 1951, page 1521, wherein various sections of the Code providing for in rem proceedings to quiet title were amended. Among them is included section 1123, Title 7, Code. That Act has no application here. We note that some of the features of the amendment have application only to parties to a bill of complaint filed under authority of those provisions of law as well as against persons other than parties to the suit who are in the status there described.

The decree of the circuit court in equity may not have been predicated upon this statute but upon a title acquired by adverse possession by the appellees. We have not gone into that question because we think the rights of appellees are subject to the statute which we have quoted.

The decree of the lower court is consistent with our interpretation of that statute and, therefore, it is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.