83 So.2d 346

**J. H. WYLIE, Jr.**

v.

**W. Edward LEWIS.**

**6 Div. 691.**

Supreme Court of Alabama.

Nov. 10, 1955.

Embry & Martin and Earl McBee, Birmingham, for appellant.

Chas. A. Speir, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This case is before the court on appeal from a decree of the Circuit Court of Jefferson County, in Equity, overruling respondent's demurrer to an amended bill of complaint.

Complainant, W. Edward Lewis, filed a bill under the provisions of Tit. 7, Sec. 1109, Code of Alabama 1940, to quiet title to certain land situated in Jefferson County, Alabama, title to which he claims to have acquired by tax deed. The amended bill of complaint is sufficient to meet the statutory requirements of a bill to quiet title, but went further in an attempt to allege the complainant's source of title. Respondent demurred, assigning numerous grounds, all of which fall into one of two groups or categories. The first group is to the effect that the bill is prematurely brought for the reason that the three-year period of the "short statute of limitations" Tit. 51, Sec. 295, Code of 1940, has not expired. The second group attacks the sufficiency of complainant's allegations of ownership, and also contends that the allegations do not show that all the legal requirements for a valid tax sale have been met.

It is well settled in Alabama that in a statutory bill to quiet title it is not necessary that the source of the complainant's title or claim be set out in the bill of complaint; nor is a statutory bill to quiet title which contains all the statutory requirements rendered demurrable because it goes further and states the source of the complainant's title, since such allegation is surplusage. But an allegation of ownership, which is denied in the answer, places on complainant the burden of proving ownership in addition to peaceable possession. Campbell v. Rice, 244 Ala. 144, 12 So.2d 385; Denbo v. Sherrill, 241 Ala. 285, 2 So.2d 773; Venable v. Turner, 236 Ala. 483, 183 So. 644; Stacey v. Jones, 180 Ala. 231, 60 So. 823; Vaughan v. Palmore, 176 Ala. 72, 57 So. 488; Adler v. Sullivan, 115 Ala. 582, 22 So. 87.

In Stacey v. Jones, 180 Ala. 231, 60 So. 823, 824, the court discussed the history and purpose of the statutory bill to quiet title and said:

"It has been frequently pointed out by this court that our statute on this subject is practically, if not literally, taken from the New Jersey statute of 1870. The New Jersey statute had been construed by the New Jersey court when we adopted it, and, as we have repeatedly said, we adopted it with that construction placed upon it. As has been pointed out by that court, the statute is sui generis. It is not primarily to establish a perfect title in the complainant, and to cancel a spurious or invalid title or claim of the respondent, though the result of the suit may have this effect. The primary purpose of the statute is to enable a party who is in the peaceable possession of land, and who, for this reason, cannot maintain an action at law, to compel a party who claims a right, title, or interest in the land, or who is even reputed to so claim, to come into a court of equity and propound and show the nature, character, and kind of his title, claim, and demand, and to have it determined, and to have the court to decree and adjudge whether it is good or bad, and to what extent, and to what part of the land it is good or bad. It is not the object of the original bill to declare what title the complainant has, but what title the respondent has; and if the respondent desires to test the sufficiency of complainant's title he must do it by a cross-bill. If the complainant is in the peaceable possession, claiming to own the land, and there is no suit pending by which he can test the respondent's title, claim, or demand, this is all that is necessary to give equity to the original bill.

"In this state, as well as in New Jersey, the profession seem not to be willing to rely solely upon the requirements of the statute, but they often, as in this case, after alleging all that the statute requires, go further and set out the sources and character of the titles of both the complainant and the re-

spondent. The respondent, then, instead of answering or filing a cross-bill, and thereby testing the complainant's title, as well as having his own tested, demurs to the bill, as was done in this case, on the ground that the bill shows that complainant has no title or valid claim, or because it shows that the respondent has a valid, legal, or equitable title, claim, or demand, prior or paramount, one or both, to the claim of the complainant. Suppose this be true, and the court sustains the demurrer, what is the natural and probable effect? If the complainant declines to amend, his bill is dismissed, and he remains in possession indefinitely, with the title all the time as much unsettled and undetermined as it was before he filed his bill. If he amends, he, of course, amends by striking out the unnecessary allegations, and requires the respondent to show his own title, and the complainant to show his; whereupon the court determines and settles the disputed titles, and this decree is recorded as evidence of the titles of the respective parties to the land in question. If these unnecessary allegations of complainant as to the respondent's and his own titles are the truth and the whole truth, why should not the respondent admit it, and consent or request that the court determine the title in his favor, rather than demur and have the title still unsettled and undetermined, or require the amendment by striking out what he must *subsequently allege* in order to obtain relief?

"For these reasons the practice has been adopted and followed by the New Jersey court and by this court of requiring the respondent to answer, or to file a cross-bill, if he desires relief, or to test the complainant's title, that such relief cannot be had on a demurrer to the bill. If the bill contains all the allegations necessary to give it equity, that equity is not destroyed by alleging additional and unnecessary facts which show that complainant has no title, or that the respondent has a prior and paramount title. In other words, if the complainant is in the peaceable possession of the land, claiming to own it, and there is no suit pending by which the respondent's title or claim can be tested, the complainant has the statutory right to have the respondent's claim or title judicially tested, determined, and settled, though his bill shows that the respondent's title is prior and paramount to his."

 In view of the above authorities, we are of the opinion that respondent's demurrer was not well taken and was correctly overruled. The action of the lower court is affirmed.

Affirmed.

LAWSON, STAKELY, and MERRILL, JJ., concur.