84 So.2d 489

*George G.* BROWNELL et al.

v.

W. Edward LEWIS.

6 Div. 715.

Supreme Court of Alabama.

Nov. 10, 1955.

Rehearing Denied Jan. 19, 1956.

Chas. A. Speir, Birmingham, for appellee.

Bainbridge & Mims, Birmingham, for appellants.

LIVINGSTON, Chief Justice.

This appeal is from a decree of the Circuit Court of Jefferson County, Alabama, in Equity, ruling on the demurrer of the respondents to an amended bill of complaint.

Complainant, W. Edward Lewis, filed his bill of complaint under the provisions of Tit. 7, Sections 1109 and 1110, Code of Alabama 1940, against George G. Brownell and E. C. Thuston, Jr., to quiet title to Lots 13, 14, 15, 16, 17 and 18, in Block 4, of the survey known as Mountain Park Estates in Jefferson County, Alabama. By amendment, Mary Elizabeth Thuston, wife of respondent, E. C. Thuston, Jr., was made a party respondent to the bill. The bill, as amended, alleges that the plaintiff claims to own and is in peaceable possession of the property described in the bill; that the respondents claim some right, title or

interest in said land; that no suit is pending to enforce or test the validity of such title; and respondents are called upon to show the nature and extent of their claim or title, so that such claim or title may be adjudicated by the court.

In addition to the foregoing, the bill of complaint alleges that the source of complainant's title is a tax deed from the State of Alabama. The bill of complaint further alleges that the said lots were sold to the City of Mountain Brook, Alabama, for improvement assessments due the said City of Mountain Brook under a municipal improvement assessment made by said city, and that the City of Mountain Brook conveyed its interest in said lots to the complainant by six deeds.

The complaint further alleges that the developers and planners of the subdivision known as Mountain Park Estates placed certain restrictions or restrictive covenants on certain lots in said subdivision made to run with the land which restrictions were removed or destroyed as a result of the tax sale to the State of Alabama. Specifically, the complaint alleges that a restrictive covenant designated "7", which provides that Lots 15, 16, 17 and 18, Block 4, of Mountain Park Estates, shall not be built upon or improved without the consent of the then owners of Lots 4, 5 and 6, in Block 5 of said subdivision, is void as an unreasonable and unlawful restraint of substantially all the legitimate uses of said lots.

The prayer of the bill is that respondents show the nature and extent of their claim or title in and to said described lots, so that such claim might be adjudicated by the court and for general relief.

The respondents demurred to the bill as a whole, and to that alleged aspect of the bill which seeks to avoid the restrictive covenant because of the sale of the said lots to the State of Alabama for delinquent state and county taxes, and the purchase of said property from the state by complainant; and that alleged aspect of the bill which seeks to avoid the restrictive covenant because said covenant is void as an unreasonable and unlawful restraint of substantially all of the legitimate uses of said lots.

The decree from which this appeal was taken overruled the demurrers to the bill as a whole and to the two foregoing alleged aspects set out above, but sustained the demurrer to all other aspects of the bill of complaint.

In the first place, the bill of complaint as amended does not contain more than one aspect. The bill is plainly a statutory bill to quiet title, and it contains all the statutory requirements of Sections 1109 and 1110 of the 1940 Code of Alabama, Title 7. It is well settled in Alabama that in a statutory bill to quiet title it is not necessary that the source of the complainant's or respondent's title or claim be set out in the bill of complaint; nor is a statutory bill to quiet title which contains all the statutory requirements rendered demurrable because it goes further and states the source of complainant's or respondent's title, since such allegation is surplusage. Campbell v. Rice, 244 Ala. 144, 12 So.2d 385; Denbo v. Sherrill, 241 Ala. 285, 2 So.2d 773; Venable v. Turner, 236 Ala. 483, 183 So. 644; Stacey v. Jones, 180 Ala. 231, 60 So. 823; Vaughan v. Palmore, 176 Ala. 72, 57 So. 488; Adler v. Sullivan, 115 Ala. 582, 22 So. 87.

We have this day decided the case of Wylie v. Lewis, Ala., 83 So.2d 346.[1] This case is by the same complainant and it involves the same lots, but is against a different respondent. In legal effect, the bills of complaint are the same.

We are not unmindful of that line of cases which holds that a bill to quiet title may properly seek to correct or cancel a deed under which respondent claims title, and thereby remove a cloud from his title. But it is clear enough that the bill in the instant case seeks no such relief. See Welch v. Smith, 202 Ala. 402, 80 So. 375, and Standard Contractors Supply Co. v. Scotch, 247 Ala. 517, 25 So.2d 257.

1. 263 Ala. 522.

The demurrer to the bill was properly overruled and the cause is affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.